Filed 7/14/16

# IN THE SUPREME COURT OF CALIFORNIA

In re ABBIGAIL A. et al., Persons Coming )
Under the Juvenile Court Law. )
_____ )
)
SACRAMENTO COUNTY ) S220187
DEPARTMENT OF HEALTH AND )
HUMAN SERVICES, )
) Ct.App. 3 C074264
Plaintiff and Appellant, )
) Sacramento County
v. ) Super. Ct. Nos. JD232871 &
) JD232872
JOSEPH A., et al. )
)
Defendants and Respondents. )
_____ )

The Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq.) (ICWA) establishes minimum federal standards a state court must follow when removing an Indian child from his or her family. Congress has defined "Indian child" for these purposes as "any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." (*Id.*, § 1903(4).)

We granted review to consider whether two state court rules adopted to implement ICWA are valid. When a child is eligible for tribal membership but is not an Indian child as defined in ICWA, rule 5.482(c) of the California Rules of Court requires the juvenile court to "proceed as if the child is an Indian child" and

to take steps "to secure tribal membership for the child." (*Ibid.*)[1] We conclude rule 5.482(c) is invalid because it conflicts with the Legislature's intent to enforce ICWA by codifying its provisions, including the federal definition of Indian child (see Welf. & Inst. Code, §§ 224–224.6; *id.*, § 224.1, subd. (a); 25 U.S.C. § 1903(4)), thus leaving cases not involving Indian children subject to the statutes generally applicable in dependency proceedings. Rule 5.482(c) is inconsistent with those statutes, and with the Legislature's intent, and thus invalid. In contrast, the related rule 5.484(c)(2) merely directs the juvenile court to pursue tribal membership for a child who is already an Indian child as defined in ICWA, in order to prevent the breakup of the Indian family and to qualify the child for tribal services. This rule is consistent with state law and valid.

## I. BACKGROUND

This is an appeal from a child dependency proceeding involving the minors Abbigail A. (born 2008) and Justin A. (born 2007). In December 2012, the Sacramento County Department of Health and Human Services (DHHS) filed petitions in the juvenile court alleging the children were dependents of the court because their mother, Jaime S., could not adequately supervise and protect them. (See Welf. & Inst. Code, § 300, subd. (b)(1).) The court removed the children from Jamie's custody and placed them temporarily with their maternal grandmother. At a subsequent hearing Joseph A. acknowledged paternity, and the court found he was the children's biological and presumed father. Joseph, while not a member of an Indian tribe, informed the court he believed he had Cherokee ancestry. To obtain the information necessary to determine whether Abbigail and Justin were Indian children to whom ICWA applied, the court ordered DHHS to

---

[1] All further references to rules are to the California Rules of Court.

2

notify the relevant tribes pursuant to federal and state law. (See 25 U.S.C. § 1912(a); Welf. & Inst. Code, § 224.2, subd. (a).)

In January 2013, the Cherokee Nation informed the DHHS by letter that Abbigail and Justin were "eligible for enrollment and affiliation with Cherokee Nation by having direct lineage to an enrolled member," namely Joseph's great-grandmother. However, despite their eligibility for membership in the tribe, the children were not Indian children because neither of their biological parents was a member. (See 25 U.S.C. § 1903(4).) The letter continued: "Cherokee Nation is not empowered to intervene in this matter unless the child/children or eligible parent(s) apply for and receive membership. However, when tribal enrollment of the parent or child/children occurs the tribe must be notified of their right to intervene. Due to the tribal eligibility of the children in question, Cherokee Nation recommends applying all the protections of ICWA to this matter from the beginning of the case. Hopefully this will prevent any future delays in procedural matters if or when the parents or child/children become enrolled members . . . ."

In view of the tribe's response, Joseph informed the court he intended to apply for membership. Following rule 5.482(c), the court stated it would proceed as if Abbigail and Justin were Indian children to whom ICWA applied. DHHS objected that ICWA did not apply because the children were not Indian children as defined by that law. In response, the court explained that "it seems likely [ICWA] will apply," given Joseph's intention to pursue tribal membership, and that "it would really seem to be in everyone's interest to treat this case [as] what it's likely to become" and thus avoid the need for additional, future proceedings to comply with ICWA should the children's status change before disposition. The DHHS moved for reconsideration, arguing rule 5.482(c) was invalid. The court denied the motion and, following rule 5.482(c), stated it would proceed as if ICWA applied. The court followed the same rule by directing the DHHS and counsel to

3

make reasonable efforts to secure tribal membership for the children. Two continuances were granted for this purpose.

In May 2013, Joseph and counsel for Abbigail and Justin reported the applications for tribal membership were still pending because the tribe required additional birth and death certificates. Continuing to proceed as if ICWA applied, the court held a jurisdictional and dispositional hearing. (See Welf. & Inst. Code, §§ 355, 358.) As ICWA would require, the court heard expert testimony to the effect that continued custody of Abbigail and Justin by their parents was likely to result in serious emotional or physical damage (see 25 U.S.C. § 1912(e), (f)) and found that fact to be true by clear and convincing evidence (see 25 U.S.C. § 1912(e), (f)). Also as ICWA would require, the court found (1) that reasonable efforts had been made to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian family and that those efforts had proved unsuccessful (see 25 U.S.C. § 1912(d)), and (2) that the children's placement with their maternal grandmother met ICWA's placement preferences (see 25 U.S.C. § 1915(b)(i) ["a member of the Indian child's extended family"]). Based on these findings, the court adjudged the children to be dependents of the court and ordered them placed with their maternal grandmother.

The DHHS appealed. The agency contended that rule 5.482(c) and related rule 5.484(c)(2) were invalid, and that the juvenile court erred by proceeding as if ICWA applied and directing the agency to make efforts to secure tribal membership for the children. The Court of Appeal concluded the rules conflicted with state law and reversed. Without disturbing the juvenile court's jurisdictional and dispositional findings, which no party has challenged, the Court of Appeal ordered the juvenile court "to enter a new judgment that does not direct the application of ICWA provisions to the minors, until such time as they may qualify as Indian children under the ICWA and California definitions of the class."

4

We granted Joseph's petition for review.

## II. DISCUSSION

Congress adopted ICWA in response to concerns " 'over the consequences to Indian children, Indian families, and Indian tribes of abusive child welfare practices that resulted in the separation of large numbers of Indian children from their families and tribes through adoption or foster care placement, usually in non-Indian homes.' " (*Adoptive Couple v. Baby Girl* (2013) 570 U.S. __ [186 L.Ed.2d 729, 736, 133 S.Ct. 2552, 2557, quoting *Mississippi Choctaw Indian Band v. Holyfield* (1989) 490 U.S. 30, 32.) ICWA addresses these concerns by establishing "minimum Federal standards for the removal of Indian children from their families and the placement of such children in foster or adoptive homes which will reflect the unique values of Indian culture, and by providing for assistance to Indian tribes in the operation of child and family service programs." (25 U.S.C. § 1902.)

In any given case, ICWA applies or not depending on whether the child who is the subject of the custody proceeding is an Indian child. Congress defined "Indian child" for these purposes to mean "any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." (25 U.S.C. § 1903(4).) When applicable, ICWA imposes specific requirements on child custody proceedings in state court. Among other things, when "the court knows or has reason to know that an Indian child is involved," the party seeking to remove the Indian child from the custody of its parent or Indian custodian, or to terminate parental rights, must "notify the parent or Indian custodian and the Indian child's tribe . . . of the pending proceedings and of their right of intervention." (25 U.S.C. § 1912(a).) If the parent, Indian custodian or tribe cannot be determined, notice must be given to the Bureau of Indian Affairs

5

(BIA).  (*Ibid.*)  The tribe may intervene "at any point in the proceeding."  (*Id.*, § 1911(c).)  Under certain circumstances, the court must "transfer such proceeding to the jurisdiction of the tribe."  (*Id.*, subd. (b).)  If the proceeding is not transferred, the party seeking to remove an Indian child must "satisfy the court that active efforts have been made to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian family and that these efforts have proved unsuccessful."  (*Id.*, § 1912(d).)  The court may not enter an order removing an Indian child "in the absence of a determination, supported by clear and convincing evidence, including testimony of qualified expert witnesses, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child."  (*Id.*, subd. (e).)  Similarly, an order terminating parental rights requires "a determination, supported by evidence beyond a reasonable doubt," that continued custody by the parent or Indian custodian is likely to result in such damage.  (*Id.*, subd. (f).)  Any placement of an Indian child must follow the preferences set out in ICWA.  (*Id.*, § 1915.)  Finally, ICWA authorizes collateral attacks:  When a court removes an Indian child or terminates parental rights in violation of ICWA, "any parent or Indian custodian from whose custody such child was removed, and the Indian child's tribe may petition any court of competent jurisdiction to invalidate such action . . . ."  (*Id.*, § 1914.)

In California, the state with the second largest Indian population (U.S. Dept. of the Interior, BIA, 2013 American Indian Population and Labor Force Report (Jan. 16, 2014) p. 10 [281,374 Native Americans]), persistent noncompliance with ICWA led the Legislature in 2006 to "incorporate[] ICWA's requirements into California statutory law."  (*In re W.B.* (2012) 55 Cal.4th 30, 52; see Welf. & Inst. Code, §§ 224–224.6.)  The 2006 legislation provides, among other things, that

6

"Indian child" and ICWA's other critical terms "shall be defined as provided in [ICWA]." (Welf. & Inst. Code, § 224.1, subd. (a).)

### A. Is Rule 5.482(c) Valid?

With that background we turn to the question whether rule 5.482(c) is valid. The rule provides: "If after notice has been provided as required by federal and state law a tribe responds indicating that the child is eligible for membership if certain steps are followed, *the court must proceed as if the child is an Indian child and direct the appropriate individual or agency to provide active efforts under rule 5.484(c) to secure tribal membership for the child.*" (Rule 5.482(c), italics added.) We conclude the rule is invalid as a matter of state law.

The California Constitution directs the Judicial Council to "adopt rules for court administration, practice and procedure." (Cal. Const., art. VI, § 6, subd. (d); see Welf. & Inst. Code, § 265 [concerning rules for juvenile courts].) Rules adopted by the Judicial Council "are entitled to a measure of judicial deference." (*Sara M. v. Superior Court* (2005) 36 Cal.4th 998, 1014.) But the Judicial Council's authority "is not unlimited, of course, and the council may not adopt rules that are inconsistent with the governing statutes." (*People v. Hall* (1994) 8 Cal.4th 950, 960; see *In re W.B.*, *supra*, 55 Cal.4th at p. 58, fn. 17; *In re Richard S.* (1991) 54 Cal.3d 857, 863; Cal. Const., art. VI, § 6, subd. (d) ["The rules adopted shall not be inconsistent with statute."].) "In this context, a rule is inconsistent with a statute if it conflicts with either the statute's express language or its underlying legislative intent." (*In re Alonzo J.* (2014) 58 Cal.4th 924, 937.)

Thus, in *In re W.B.*, *supra*, 55 Cal.4th 30, we held that a rule adopted by the Judicial Council was invalid to the extent it purported to apply ICWA's requirements to proceedings based on an Indian child's delinquent conduct. (*Id.* at p. 58, fn. 17.) ICWA excludes delinquency proceedings from the definition of

7

"child custody proceeding" (25 U.S.C. § 1903(1)), and a California statute incorporates that definition (Welf. & Inst. Code, § 224.1, subd. (d)). The challenged rule conflicted both with the state statute (*In re W.B.*, *supra*, at p. 58, fn. 17) and with legislative intent (*id.* at pp. 55–57). "If our Legislature," we explained, "had intended to extend ICWA's protections to a whole new realm of juvenile delinquency cases otherwise exempted under the federal law, one would expect evidence of this intent to feature prominently in the legislative history. Yet, no mention of such a purpose appears." (*In re W.B.*, at p. 56.)

Similar reasoning supports the conclusion that rule 5.482(c) is invalid. As we have explained, "[t]he primary objective of Senate Bill No. 678," which incorporated ICWA's requirements and definitional provisions into California statutory law, "was to *increase compliance* with ICWA." (*In re W.B.*, *supra*, 55 Cal.4th at p. 52, italics added; see Assem. Com. on Judiciary, Analysis of Sen. Bill No. 678 (2005–2006 Reg. Sess.) June 20, 2006, p. 1 [bill believed "necessary to increase compliance with ICWA"]; see also Welf. & Inst. Code, §§ 224–224.6; *id.*, § 224.1, subd.(a) [definitions]).) Nothing in the bill's language or history demonstrates the Legislature intended to apply ICWA's requirements to, or require membership applications be made on behalf of, children who are not Indian children as defined in ICWA. Instead, the Legislature left cases not involving Indian children subject to the statutes generally applicable in dependency proceedings. Rule 5.482(c) is inconsistent with those statutes, and with the Legislature's intent, and thus invalid.

Joseph offers several arguments to the contrary. None is persuasive.

First, Joseph argues rule 5.482(c) is consistent with, and even authorized by, Welfare and Institutions Code section 224. Echoing ICWA's parallel provision (25 U.S.C. § 1921), the state statute provides: "In any case in which this code or other applicable state or federal law provides *a higher standard of protection* to

8

the rights of the parent or Indian custodian of an Indian child, or the Indian child's tribe, than the rights provided under [ICWA], the court shall apply the higher standard." (Welf. & Inst. Code, § 224, subd. (d), italics added; cf. 25 U.S.C. § 1902 [describing ICWA as establishing "minimum Federal standards for the removal of Indian children from their families"].) Joseph contends rule 5.482(c) provides such a higher standard of protection. The short answer to his argument is that Welfare and Institutions Code section 224, like the related federal statutes, speaks only to the rights of persons and tribes connected with "*an Indian child.*" (Welf. & Inst. Code, § 224, subd. (d), italics added.) Section 224 cannot reasonably be understood to authorize the adoption of, or require deference to, a rule purporting to apply ICWA's requirements in cases involving children who are not Indian children. By analogy, another court has explained that "ICWA's 'minimum federal standards' language refers to 'the *removal* of Indian children,' . . . ; it does not refer to the *definition* of an 'Indian child.' [Citations.] . . . [N]othing in ICWA suggests that the definition of 'Indian child' . . . is a 'minimum federal standard.' " (*State ex rel. SOSCF v. Klamath Tribe* (Or.Ct.App. 2000) 11 P.3d 701, 705, italics added [rejecting county's agreement with tribe that ICWA applied to children not satisfying federal definition of Indian child].)

Second, Joseph relies on the Legislature's declaration that the "State of California has an interest in protecting Indian children who are members of, or are eligible for membership in, an Indian tribe." (Welf. & Inst. Code, § 224, subd. (a)(1).) To read this finding as broadening the definition of Indian child to include children who are merely eligible for membership is not reasonable. Having expressly incorporated ICWA's narrower definition (Welf. & Inst. Code, § 224.1, subd. (a); see 25 U.S.C. § 1903(4)), which requires more for membership than eligibility, the Legislature would not likely have chosen to insert a conflicting definition into a preambular provision. Instead, the legislative finding is more

9

plausibly read as a shorthand reference to the formal definition of Indian child, which requires that a child who is merely eligible for tribal membership also have a biological parent who is already a member.  Congress used the same shorthand in a similar finding accompanying ICWA, presumably without thereby intending to modify the formal definition of "Indian child."  (See 25 U.S.C. § 1901(3) ["the United States has a direct interest, as trustee, in protecting Indian children who are members of or are eligible for membership in an Indian tribe"].)  In any event, " 'legislative intent is not gleaned solely from the preamble of a statute; it is gleaned from the statute as a whole, which includes the particular directives.' " (*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1118.)

Third, Joseph calls attention to the Legislative Counsel's summary digest of the 2006 legislation that incorporated ICWA's provisions, including the federal definition of Indian child.  (Stats. 2006, ch. 838, §§ 29–30, pp. 6563-6565, codified as Welf. & Inst. Code, §§ 224–224.6.)  The Legislative Counsel stated the act "would revise, recast, and expand various provisions of state law to, among other things, apply to certain children who do not come within the definition of an Indian child for purposes of [ICWA]."  (Legis. Counsel's Dig., Sen. Bill No. 678 (2005–2006 Reg. Sess.), 6 Stats. 2006, Summary Dig., p. 465.)  We find in this statement no authority or support for rule 5.482(c).  The summary digest appears to refer to provisions giving the juvenile court discretion to permit non-federally recognized tribes, which have no rights under ICWA (see 25 U.S.C. § 1903(8)), to participate in cases involving children who would be Indian children but for the unrecognized "status of the child's tribe."  (Welf. & Inst. Code, § 306.6, subd. (a); see Fam. Code, § 185, subd. (a) [same], )  These statutes, however, include the admonition that they "shall not be construed to make [ICWA], or any state law implementing [ICWA], applicable to the proceedings."  (Welf. & Inst. Code, § 306.6, subd. (d); see Fam. Code, § 185, subd. (d) [same].)  Furthermore, the

10

summary digest's description of the 2006 legislation cannot be reconciled with the enactment's actual language, which simply incorporates ICWA's definition of Indian child. (Welf. & Inst. Code, § 224.1, subd. (c).) A summary digest is "not binding or persuasive where contravened by the statutory language, and by other indicia of a contrary legislative intent." (*State ex rel. Harris v. PricewaterhouseCoopers, LLP* (2006) 39 Cal.4th 1220, 1233, fn. 9; see *Heavenly Valley v. El Dorado County Bd. of Equalization* (2000) 84 Cal.App.4th 1323, 1339 [summary digest conflicting with statute "must be disregarded"].)

Fourth, Joseph argues rule 5.482(c) is not inconsistent with the federal and state definitions of "Indian child" because "there is no national standard for establishing who is an 'Indian child.' " The argument confuses membership, which is a tribe's determination based on tribal law, with a child's status as an Indian child (25 U.S.C. § 1903(4); Welf. & Inst. Code, § 224.1(a)), which is a conclusion of federal and state law based on the tribe's determination. In the case before us, rule 5.482(c) led the juvenile court to "proceed as if" (*ibid.*) Abbigail and Justin were Indian children for purposes of ICWA and to require that membership applications be made on their behalf, even though the Cherokee tribe had authoritatively informed the court that the children and their father were not members of the tribe. (See Welf. & Inst. Code, § 224.3, subd. (e)(1) ["A determination by an Indian tribe that a child is or is not a member of or eligible for membership in that tribe . . . shall be conclusive."]; see 25 C.F.R. § 23.108(b) (eff. Dec. 12, 2016) ["The determination by a Tribe of whether a child is a member, whether a child is eligible for membership, or whether a biological parent is a member, is solely within the jurisdiction and authority of the Tribe, except as otherwise provided by Federal or Tribal law."].)

Finally, Joseph contends rule 5.482(c) is consistent with state law because it promotes the prompt resolution of child custody proceedings in cases where

11

"imminent tribal enrollment is a virtual certainty." The possibility that a child who is not an Indian child may become one while a custody proceeding is pending is something the juvenile court certainly should consider. The court has "an affirmative and continuing duty to inquire whether a child for whom a petition under Section 300 . . . has been . . . filed is or may be an Indian child . . . ." (Welf. & Inst. Code, § 224.3, subd. (a).) Moreover, custody decisions made in violation of ICWA may be set aside on petition by the Indian child's parent, Indian custodian or tribe (25 U.S.C. § 1914), thus requiring new jurisdictional and dispositional hearings. Accordingly, to wait a few days or weeks while a parent or child pursues an application for tribal membership might in some cases save time in the long run. "Although continuances are discouraged in dependency cases" (*In re Emily D.* (2015) 234 Cal.App.4th 438, 448), the juvenile court has authority to grant brief, necessary continuances that are not inconsistent with the child's best interests, while giving "substantial weight to a minor's need for prompt resolution of his or her custody status, the need to provide children with stable environments, and the damage to a minor of prolonged temporary placements." (Welf. & Inst. Code, § 352, subd. (a); see *id.*, §§ 352, subd. (b), 366.26, subd. (c)(3) [limits on continuances]; rule 5.550(a) [continuances in dependency proceedings].)

In contrast, rule 5.482(c) was not written to address the need for prompt resolution of child custody proceedings and does not effectively do so. Instead, the rule invites unnecessary delay by requiring the court to make efforts to secure tribal membership for children who are not Indian children, apparently without regard to the family's wishes, and to apply ICWA's requirements in cases involving children who are not and may never become Indian children.[2] Such a

---

[2]     This court has not been informed that Joseph's, Abbigail's or Justin's application for tribal membership has ever been granted.

rule cannot be reconciled with state laws enacted to serve the "primary objective
. . . [of] increas[ing] compliance with ICWA." (*In re W.B.*, *supra*, 55 Cal.4th at
p. 52.)

For all of these reasons we conclude rule 5.482(c) is invalid as a matter of
state law. This conclusion leaves no need to determine whether federal law would
preempt the rule.[3]

### B. Is Rule 5.484(c)(2) Valid?

As noted, the Court of Appeal concluded rules 5.482(c) and 5.484(c)(2) were
both invalid. That court, however, treated the rules as essentially identical. The
parties do likewise in their briefs to this court. In fact, rule 5.484(c)(2) justifies
separate consideration.

Rule 5.484(c)(2) provides: "In addition to any other required findings to
place an Indian child with someone other than a parent or Indian custodian, or to
terminate parental rights, the court must find that active efforts have been made
. . . to provide remedial services and rehabilitative programs designed to prevent
the breakup of the Indian family, and must find that these efforts were
unsuccessful. [¶] . . . [¶] (2) Efforts to provide services must include pursuit of
any steps necessary to secure tribal membership for a child if the child is eligible
for membership in a given tribe, as well as attempts to use the available resources
of extended family members, the tribe, tribal and other Indian social service
agencies, and individual Indian caregivers."

---

[3] The court in *In re Jack C.* (2011) 192 Cal.App.4th 967, 981–982, applied
rule 5.482(c) after concluding it was not preempted. We need not review that
conclusion because we hold the rule is invalid as a matter of state law. *In re Jack
C.* does not discuss the rule's validity under state law and should not, in view of
our decision, be read as authority on that point.

Unlike rule 5.482(c), which directs the juvenile court to proceed in certain cases "as if" a child were an Indian child, rule 5.484(c)(2) speaks only to the court's obligations in a case involving an "Indian child" as defined by law. Read in this manner, according to its plain language, the rule is not inconsistent with any state statute implementing ICWA. We do not understand any party to argue to the contrary.

Neither do we understand any party to argue that a court may not properly direct that steps be taken to pursue tribal membership for a child who, while not a member of a tribe, is already an Indian child to whom ICWA applies because he or she is both eligible for membership and also the biological child of a member. (See 25 U.S.C. § 1903(5); see Welf. & Inst. Code, § 224.1, subd. (a).) Tribal membership offers significant benefits to an Indian child, including the opportunity to develop a political, cultural, and social relationship with the tribe, and access to federally funded programs such as Tribal Temporary Assistance for Needy Families and those offered by the Indian Health Service and the Bureau of Indian Education. Federal and state law recognize the importance of such benefits to Indian children. (See 25 U.S.C. § 1902; Welf. & Inst. Code, § 224, subd. (a)(1); cf. U.S. Dept. of the Interior, BIA, ICWA Proceedings, Discussion of Rule and Comments, 81 Fed. Reg. 38778, 38790, 38815 (June 14, 2016) ["In any particular case, . . . it may be appropriate to seek Tribal citizenship for the child, as this may make more services and programs available to the child."].) No party contends the rule, read in this manner, is inconsistent with the California statutes incorporating ICWA or preempted by federal law. (Cf. Welf. & Inst. Code, § 224, subd. (d) [when state or federal law "provides a higher standard of protection to the rights of the parent or Indian custodian of an Indian child, or an Indian child's tribe, . . . the

14

court shall apply the higher standard"]; 25 U.S.C. § 1921 [similar].)  We thus conclude rule 5.484(c)(2) is valid.

### III. DISPOSITION

The judgment of the Court of Appeal is reversed to the extent it holds that rule 5.484(c)(2) is invalid.  In all other respects the judgment is affirmed and remanded for further proceedings consistent with this opinion.

**WERDEGAR, J.**


**WE CONCUR:**

**CANTIL-SAKAUYE, C. J.**
**CHIN, J.**
**CORRIGAN, J.**
**LIU, J.**
**CUÉLLAR, J.**
**KRUGER, J.**

15

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** In re Abbigail A.
_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 226 Cal.App.4th 1450
**Rehearing Granted**

_____

**Opinion No.** S220187
**Date Filed:** July 14, 2016
_____

**Court:** Superior
**County:** Sacramento
**Judge:** Paul L. Seave

_____

**Counsel:**

John F. Whisenhunt and Robyn Truitt Drivon, County Counsel, Traci F. Lee, Assistant County Counsel, and Lilly C. Frawley, Deputy County Counsel, for Plaintiff and Appellant.

Stacey Kim-Jackson for Home Forever as Amicus Curiae on behalf of Plaintiff and Appellant.

Jennifer B. Henning; Theresa G. Goldner, County Counsel (Kern), Karen S. Barnes, Chief Deputy County Counsel, and Bryan C. Walters, Deputy County Counsel, for The California State Association of Counties as Amicus Curiae on behalf of Plaintiff and Appellant.

Konrad S. Lee, under appointment by the Supreme Court, and M. Elizabeth Handy for Defendants and Respondents.

Mark Radoff, Delia Parr and Mark Vezzola for California Indian Legal Services, 45 California Indian Tribes, California Indian Law Association and Tribal STAR as Amici Curiae on behalf of Defendants and Respondents.

Kimball J.P. Sargeant, under appointment by the Supreme Court, for Minors.

John C. Cruden, Assistant Attorney General, Amber Blaha, Assistant Section Chief, and J. Brett Grosko, Trial Attorney, for The United States as Amicus Curiae.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Lilly C. Frawley
Deputy County Counsel
700 H Street, Suite 2650
Sacramento, CA  95826
(916) 874-5544

Konrad S. Lee
23535 Palomino Drive
Diamond Bar, CA  91765-2030
(909) 333-6564

Mark Radoff
California Indian Legal Services
609 South Escondido Boulevard
Escondido, CA  92025
(760) 746-8941