Filed 10/6/16  In re Miguel S. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re MIGUEL S. et al., Persons Coming Under the Juvenile Court Law. | |
| ORANGE COUNTY SOCIAL SERVICES AGENCY, | G052683 |
| Plaintiff and Respondent, | (Super. Ct. Nos. DP024206 & DP024244) |
| v. | |
| U.S. et al., | O P I N I O N |
| Defendants and Appellants. | |

Appeals from an order of the Superior Court of Orange County, Gary Bischoff, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed. Motion to take additional evidence.  Granted.

Rich Pfeiffer, under appointment by the Court of Appeal, for Defendant and Appellant U.S.

Lauren K. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant J.V.

Leon J. Page, County Counsel, Karen L. Christensen and Aurelio Torre, Deputy County Counsel, for Plaintiff and Respondent.

No appearance for Minors.

\*         \*         \*


INTRODUCTION

U.S., the presumed father of now five-year-old Robert S. and four-year-old Miguel S. (collectively, the children), and J.V., Robert's biological father, each appeal from the juvenile court's order terminating their parental rights.  U.S. and J.V. argue insufficient evidence supports the juvenile court's finding that the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.) did not apply in this case, and further argue the Orange County Social Services Agency (SSA) failed to comply with its obligations under ICWA by not responding to a request for additional information from an Indian tribe regarding the children.  U.S. and J.V. also argue the juvenile court erred by finding the children adoptable and terminating parental rights while a child abuse report investigation was pending.

We affirm.  Substantial evidence supports the juvenile court's finding that ICWA did not apply because neither Robert nor Miguel met the definition of an Indian child.  Although evidence showed the children were eligible to enroll in more than one Indian tribe, in *In re Abbigail A.* (2016) 1 Cal.5th 83, 88 (*Abbigail*), the California Supreme Court recently held that ICWA does not apply to cases in which a dependent child is merely eligible for enrollment in an Indian tribe.  Instead, cases that do not involve Indian children are "subject to the statutes generally applicable in dependency proceedings." (*Abbigail*, *supra*, at p. 88.)  The Supreme Court invalidated former rule 5.482(c) of the California Rules of Court which had required the juvenile court, with regard to a case involving a child who is merely eligible for membership in an Indian tribe, to "proceed as if the child is an Indian child and direct the appropriate individual or

2

agency to provide active efforts under rule 5.484(c) to secure tribal membership for the child." The juvenile court therefore did not err by failing to comply with former rule 5.482(c). Any error on SSA's part in failing to respond to an Indian tribe's request for additional information was harmless, as we will explain.

We grant SSA's unopposed motion to take additional evidence under Code of Civil Procedure section 909. The evidence shows the juvenile court concluded the child abuse report was unfounded and the home study for Robert and Miguel's prospective adoptive parents was completed and approved by SSA. That evidence moots U.S.'s and J.V.'s challenges to the order terminating parental rights based on the pendency of the child abuse report investigation at the time of the permanency hearing.


BACKGROUND

I.

THE AMENDED JUVENILE DEPENDENCY PETITIONS

In December 2013, the juvenile court sustained amended juvenile dependency petitions filed by SSA on behalf of Robert and Miguel. The petition on behalf of Robert alleged that he came within the jurisdiction of the juvenile court under Welfare and Institutions Code section 300, subdivisions (b) (failure to protect) and (g) (no provision for support). The petition on behalf of Miguel alleged that he also came within the jurisdiction of the juvenile court under section 300, subdivisions (b) and (g).

In one or both of the petitions, SSA alleged the children's mother (Mother), herself a minor and dependent of the Orange County Juvenile Court, had absconded from Orangewood Children and Family Center. She had dropped off the children with caregivers without providing for their support or authorization for any medical needs. Mother expressed that it was too difficult for her to care for the children. She had an unresolved substance abuse problem that included the use of marijuana,

3

methamphetamine, and heroin.  Mother and U.S. had engaged in domestic violence.
Both U.S. and J.V. were incarcerated.

The juvenile court vested custody of the children with SSA and approved
case plans and visitation plans.

II.

SSA IS INFORMED THE CHILDREN ARE BOTH ELIGIBLE FOR ENROLLMENT
IN TWO DIFFERENT NATIVE AMERICAN TRIBES; THE JUVENILE COURT
FINDS ICWA DOES NOT APPLY TO THE CHILDREN.

In September 2013, Mother had told a social worker that she had Native
American heritage through the Chippewa tribe and that her maternal grandmother, who
lived in Oregon, might be able to provide more information.  A social worker spoke with
the children's maternal great-great-grandmother and their maternal great-grandmother,
who each confirmed the maternal great-great-grandfather was enrolled with the Bad
River Band of Lake Superior Tribe of Chippewa Indians.  The social worker contacted
Janice Cadottet, who worked with the Red Cliff Band of Lake Superior Chippewa Indians
of Wisconsin, to obtain more information.  Cadottet confirmed that the children's
maternal great-aunt is an enrolled member of the Red Cliff Band of Chippewa Indian
tribe.  Cadottet informed the social worker that "the children are or may be eligible for
enrollment with either one of those two Chippewa Indian tribes."  ICWA 30-day notices
were sent.

The record contains a form, purportedly from the Red Cliff Band of Lake
Superior Chippewas, dated October 29, 2013, which requests the family history for the
children's maternal biological grandmother.

On November 12, 2013, the social worker received a call from the Bad
River Band of Lake Superior Tribe of Chippewa Indians and was told that the children
were eligible for enrollment with that tribe.  A day later, the social worker was informed
by the Red Cliff Band of Lake Superior Chippewa Indians of Wisconsin that the children

4

were eligible for enrollment with their Indian tribe. The social worker was further informed that Mother, at that time "a minor dependent" who was "AWOL from placement," was eligible for enrollment in both tribes. The social worker stated, "[i]n order to move forward with Tribal enrollment for the children . . . , SSA needs mother to present herself to court, choose to enroll herself in one of the two Chippewa Indian tribes. Once mother has enrolled in either Chippewa Indian tribe then SSA can move forward to enroll the children . . . in that same Chippewa Tribe."

Our record discloses no further action after November 2013, until an interim review report, dated April 22, 2014, stated, "[i]t is respectfully requested that the Court make a finding as to the children's Indian Child Welfare Act Status." The report further stated that ICWA "does or may apply" as each child might be an Indian child in the Chippewa tribe and was ICWA "eligible" (capitalization & boldface omitted). SSA proposed the court find "ICWA does not apply," and the juvenile court's minute order, dated April 22, 2014, contains the finding, "ICWA does not apply." In a minute order dated June 19, 2014, the juvenile court again stated: "Court finds ICWA does not apply."

III.

THE JUVENILE COURT TERMINATES PARENTAL RIGHTS;
U.S. AND J.V. APPEAL.

The juvenile court terminated reunification services in April 2015 and set a permanency hearing. As to the issue of ICWA compliance, the permanency hearing report stated: "Per the Orange County Juvenile Court Minute Orders dated April 22, 2014, and June 19, 2014, the Indian Child Welfare Act does not apply."

At the permanency hearing, the juvenile court found it likely the children would be adopted and that adoption was in their best interests. The court terminated parental rights as to Mother, U.S., and J.V., and placed the children for adoption.

U.S. and J.V. each appealed from the order terminating parental rights. We issued an opinion reversing the order terminating parental rights for the limited purpose

5

of allowing SSA to make active efforts necessary to secure tribal membership for the children, in compliance with former rule 5.482(c) and rule 5.484(c)(2) of the California Rules of Court. After the California Supreme Court issued its opinion in *Abbigail*, *supra*, 1 Cal.5th at page 88, holding that former rule 5.482(c) was invalid and that rule 5.484(c)(2) only applied to Indian children, SSA petitioned this court for rehearing. We granted SSA's petition for rehearing and invited the parties to file supplemental briefs addressing, inter alia, the impact of *Abbigail*, *supra*, 1 Cal.5th 83, on this appeal. U.S., J.V., and SSA filed supplemental briefs.

## DISCUSSION

### I.

#### SUBSTANTIAL EVIDENCE SUPPORTED THE JUVENILE COURT'S FINDING ICWA DID NOT APPLY.

U.S. and J.V. argue the juvenile court erred by finding ICWA inapplicable in light of the evidence that the children were eligible for enrollment in two different tribes. They also argue SSA improperly failed to make active efforts to secure tribal enrollment for the children and failed to respond to the Red Cliff Band of Lake Superior Chippewas' request for additional family history. "We review the trial court's findings whether proper notice was given under ICWA and whether ICWA applies to the proceedings for substantial evidence. [Citation.]" (*In re D.N.* (2013) 218 Cal.App.4th 1246, 1251.) For the reasons we will explain, U.S.'s and J.V.'s arguments are without merit.

#### A.

##### *ICWA's Notice Requirements Were Satisfied.*

ICWA was enacted to "protect the best interests of Indian children and to promote the stability and security of Indian tribes and families by the establishment of minimum Federal standards for the removal of Indian children from their families and the

6

placement of such children in foster or adoptive homes which will reflect the unique values of Indian culture." (25 U.S.C. § 1902.) To achieve this purpose, ICWA requires notice be given to the child's tribe "where the court knows or has reason to know that an Indian child is involved." (25 U.S.C. § 1912(a).) The tribe's response will determine if the child is an Indian child. (*In re Desiree F.* (2000) 83 Cal.App.4th 460, 471 ["the question of membership rests with each Indian tribe"].)

ICWA defines an Indian child as an unmarried person under the age of 18 who is (1) a member of an Indian tribe or (2) eligible for membership in an Indian tribe and the biological child of a member of an Indian tribe. (25 U.S.C. § 1903(4).) "A child may qualify as an Indian child within the meaning of the ICWA even if neither of the child's parents is enrolled in the tribe." (*In re Gabriel G.* (2012) 206 Cal.App.4th 1160, 1166.) The determination of a child's Indian status is made by the tribe, so the juvenile court needs only a suggestion of Indian ancestry to trigger the notice requirement. (*In re Nikki R.* (2003) 106 Cal.App.4th 844, 848.)

Neither U.S. nor J.V. argues that insufficient ICWA notice was given in this case. They argue, however, that SSA improperly failed to respond to the Red Cliff Band of Lake Superior Chippewas' request for additional family history.

Our record contains a form, purportedly from the Red Cliff Band of Lake Superior Chippewas, dated October 29, 2013, requesting that SSA provide additional information on the children's family history, and, in particular, with regard to the children's maternal biological grandmother. Within about two weeks, SSA was informed by the Red Cliff Band of Lake Superior Chippewa Indians of Wisconsin that the children were eligible for enrollment with that Indian tribe. Therefore, any failure on SSA's part to respond to that tribe's request for information was harmless given the tribe's communication within weeks confirming the children's eligibility for membership.

7

B.

*Pursuant to* Abbigail, supra, *1 Cal.5th 83, ICWA Did Not Apply*
*Because the Children Were Not Indian Children.*

In *Abbigail*, *supra*, 1 Cal.5th at page 90, the California Supreme Court stated:  "In any given case, ICWA applies or not depending on whether the child who is the subject of the custody proceeding is an Indian child.  Congress defined 'Indian child' for these purposes to mean 'any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe.'  (25 U.S.C. § 1903(4).)"  The Supreme Court further stated:  "In California, the state with the second largest Indian population [citation], persistent noncompliance with ICWA led the Legislature in 2006 to 'incorporate[] ICWA's requirements into California statutory law.'  [Citations.]  The 2006 legislation provides, among other things, that 'Indian child' and ICWA's other critical terms 'shall be defined as provided in [ICWA].'  (Welf. & Inst. Code, § 224.1, subd. (a).)"  (*Id.* at p. 91.)

The Supreme Court invalidated former rule 5.482(c) of the California Rules of Court, which required the juvenile court to conduct proceedings involving a child who was only eligible for enrollment in an Indian tribe as though ICWA applied, and, inter alia, to direct "the appropriate individual or agency" to make active efforts to secure such enrollment.  (*Abbigail*, *supra*, 1 Cal.5th at p. 92.)[1]  The court held:  "As we have explained, '[t]he primary objective of Senate Bill No. 678,' which incorporated ICWA's

---

[1]   Former rule 5.482(c) of the California Rules of Court stated:  "If after notice has been provided as required by federal and state law a tribe responds indicating that the child is eligible for membership if certain steps are followed, the court must proceed as if the child is an Indian child and direct the appropriate individual or agency to provide active efforts under rule 5.484(c) to secure tribal membership for the child."  California Rules of Court, rule 5.484(c)(2) states, inter alia, "[e]fforts to provide services must include pursuit of any steps necessary to secure tribal membership for a child if the child is eligible for membership in a given tribe."

requirements and definitional provisions into California statutory law, 'was to *increase compliance* with ICWA.' [Citations.] Nothing in the bill's language or history demonstrates the Legislature intended to apply ICWA's requirements to, or require membership applications be made on behalf of, children who are not Indian children as defined in ICWA. Instead, the Legislature left cases not involving Indian children subject to the statutes generally applicable in dependency proceedings. Former rule 5.482(c) is inconsistent with those statutes, and with the Legislature's intent, and thus invalid." (*Abbigail*, *supra*, at pp. 92-93.)

It is undisputed that neither Robert nor Miguel is a member of any Indian tribe. It is also undisputed that Mother is not a member of an Indian tribe. Therefore, although the children are both *eligible* for membership in two different Indian tribes, neither qualifies for Indian child status. Consequently, ICWA did not apply to these dependency proceedings. Furthermore, given the Supreme Court's invalidation of former rule 5.482(c) of the California Rules of Court, the juvenile court was not required to direct SSA to engage in active efforts to secure tribal membership for the children. (*Abbigail*, *supra*, 1 Cal.5th at p. 92.)

We recognize, as pointed out in U.S.'s and J.V.'s supplemental briefs, that Mother is a dependent child herself whose decision whether to enroll herself as a member of one of the Indian tribes for which she is eligible significantly impacts the applicability of ICWA to the children's dependency proceedings. The Supreme Court in *Abbigail*, *supra*, 1 Cal.5th 83, however, has made it clear that unless and until the children become members of an Indian tribe or Mother becomes enrolled in an Indian tribe, ICWA does not apply. The juvenile court did not err.

II.

THE ORDER TERMINATING PARENTAL RIGHTS IS OTHERWISE PROPER.

U.S.'s and J.V.'s only non-ICWA-related challenge to the order terminating parental rights is that the juvenile court erred by finding the children adoptable when a

9

child abuse report investigation remained pending. Shortly before the permanency hearing, SSA received information that a telephone call had been placed to the child abuse registry, regarding an allegation of abuse of Robert who was "engaging in inappropriate behavior" that was not described. As of the date of the permanency hearing, the investigation was pending.

At that hearing, U.S.'s counsel conceded the children were highly adoptable, but requested a continuance of the hearing to allow the court to consider the report of the investigation. U.S. argues in his opening brief that because the child abuse report investigation was pending, it was not known if Robert was adoptable at the time of the permanency hearing.

In his opening brief, J.V. argues that had the juvenile court granted U.S.'s counsel's request for a continuance, "the report outlining Robert's behavior would have been before the juvenile court for the [Welfare and Institutions Code ]section 366.26 hearing and would have allowed the juvenile court to have all of the pertinent facts before making a finding on adoptability."

SSA filed a motion asking this court to take additional evidence under Code of Civil Procedure section 909 of a court order showing that the child abuse allegation was deemed unfounded, and the home study for the prospective adoptive parents had been completed and approved by SSA. The additional evidence SSA has requested that we consider moots U.S.'s and J.V.'s non-ICWA-related challenges to the order terminating parental rights. Neither U.S. nor J.V. opposed SSA's motion.

We grant SSA's motion. (See *In re K.M.* (2015) 242 Cal.App.4th 450, 456 [granting motion under Code of Civil Procedure section 909 because SSA was not seeking to introduce evidence to overturn the order regarding termination of parental rights, but to show the evidence proved the appeal was moot].) Accordingly, we reject U.S.'s and J.V.'s arguments that the order terminating parental rights should be reversed

10

because the child abuse report investigation was pending at the time of the permanency hearing.

## DISPOSITION

The order is affirmed.


FYBEL, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.