Filed 4/27/22  In re L.S. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re L.S., a Person Coming Under the Juvenile Court Law. | B314471 (Los Angeles County Super. Ct. No. 19CCJP06102C) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,  Plaintiff and Respondent,  v.  Y.S.,  Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Tamara E. Hall, Judge.  Conditionally reversed and remanded with instructions.

Elizabeth Klippi, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, Navid Nakhjavani, Principal Deputy County Counsel for Plaintiff and Respondent.

_____

Y.S. (mother) appeals from the order terminating parental rights to her child, L.S. (minor), under Welfare and Institutions Code section 366.26.[1] Mother contends the Los Angeles County Department of Children and Family Services (the Department) and the juvenile court failed to comply with the inquiry requirements of the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.) and related California law. We conditionally reverse, and remand for ICWA compliance.

## FACTUAL AND PROCEDURAL BACKGROUND

Because the sole issue raised in mother's appeal is ICWA compliance, we focus primarily on the facts and procedural background relevant to that issue.

Mother's involvement with the juvenile dependency system dates back to 1997, when the Department filed a petition alleging mother (born in 1992) and her siblings were at risk of abuse and neglect. Mother has a sixteen-year history of alcohol and drug abuse, and parental rights to her two oldest children (born 2007 and 2009) were terminated in 2012. Also in 2012,

_____

[1] Further statutory references are to the Welfare and Institutions Code unless stated otherwise.

2

two of mother's children, O.S. (born 2011) and Le.S. (born 2012), were declared dependents based on mother's substance abuse. Those children subsequently returned to mother's custody, and the court terminated jurisdiction in August 2013; however, by 2019 they were residing in Mexico with their paternal grandmother. The appellate record contains no information about any ICWA findings or inquiry efforts related to these prior dependency cases.

Minor was born in September 2019, and was detained from mother after testing positive for amphetamine and methamphetamine at birth. The detention report states minor is not an Indian child and includes a judicial council form (ICWA-10) stating the social worker made an Indian child inquiry, and the child has no known Indian ancestry.

At the detention hearing, mother filed an ICWA-020 form denying any Indian ancestry, as well as a relative information sheet with the court providing the name and phone number for a maternal aunt and the first name and phone number of a maternal great-aunt. The reporter's transcript of the detention hearing indicates that a maternal uncle was present, but there is no evidence that the Department or the court ever asked him any questions. Mother indicated she did not know who minor's father was. The court found the father of O.S. and Le.S to be minor's alleged father. Based on mother's ICWA-020 and her responses in court, the court found no reason to know that minor was an Indian child.[2]

---

[2] The reporter's transcript does not reflect that the court advised mother to notify the court or the social worker if she later learned of any Indian ancestry. However, the ICWA-020 form,

The social worker spoke to maternal aunt in October 2019 about minor's placement, but maternal aunt was not asked any questions about possible Indian ancestry. There is no evidence that the Department made any effort to contact the maternal great aunt, or any other maternal family members, to inquire whether minor has possible Indian heritage.

The Department's six-month status review report stated that mother had previously been living with her mother (maternal grandmother) and her brother (maternal uncle), but that she moved out in March 2019 when she was asked to leave the home because she did not take her younger sister to school. When asked why she started missing drug tests in February and March 2020, she explained that she had been under maternal grandmother's phone plan, and now she lacked the funds to pay for her own phone, so she could not call in for testing. In July 2020, maternal grandmother attended one of mother's visits with the minor. There is no evidence the Department ever sought maternal grandmother's contact information from mother, or that the social worker interviewed maternal grandmother for any purpose, including asking about potential Indian heritage.

The juvenile court terminated mother's reunification services in November 2020, and terminated parental rights as to minor at a hearing under section 366.26 in August 2021. The order terminating parental rights did not mention ICWA, but

which mother signed, contains the following language: "If you get new information that would change your answers, you must let your attorney, all the attorneys on the case, and the social worker or probation officer, or the court investigator know immediately and an updated form must be filed with the court."

4

the order was "necessarily premised on a current finding by the juvenile court that it had no reason to know [minor] was an Indian child." (*In re Isaiah W.* (2016) 1 Cal.5th 1, 10, italics omitted (*Isaiah W.*).)

## DISCUSSION

*ICWA Requirements and Standard of Review*

"Congress enacted ICWA in 1978 in response to 'rising concern in the mid-1970's over the consequences to Indian children, Indian families, and Indian tribes of abusive child welfare practices that resulted in the separation of large numbers of Indian children from their families and tribes through adoption or foster care placement, usually in non-Indian homes.' [Citation.]" (*Isaiah W., supra*, 1 Cal.5th at p. 7.) Both ICWA and California law define an "Indian child" as a child who is either a member of an Indian tribe or is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe. (25 U.S.C. § 1903(4); § 224.1, subds. (a) & (b); see also *In re Elizabeth M.* (2018) 19 Cal.App.5th 768, 783 (*Elizabeth M.*).)

California statutory law incorporates the requirements of ICWA, and imposes some additional requirements as well. (*In re Abbigail A.* (2016) 1 Cal.5th 83, 91; *In re Benjamin M.* (2021) 70 Cal.App.5th 735, 741–742 (*Benjamin M.*).) State and federal law require the court to ask parties and participants at the outset of an involuntary child custody proceeding whether they have reason to know a minor is an Indian child, and to "instruct the parties to inform the court if they subsequently receive information that provides reason to know the child is an Indian

5

child." (25 C.F.R. § 23.107(a); § 224.2, subd. (c); see also *Benjamin M., supra*, 70 Cal.App.5th at p. 741.) Part of the initial inquiry includes requiring each party to complete the ICWA-020 form. (Cal. Rules of Court, rule 5.481(a)(2)(C).) When a social services agency takes a minor into temporary custody, state law imposes on the agency a duty of initial inquiry, which "includes, but is not limited to, asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child." (§ 224.2, subd. (b); *In re H.V.* (2022) 75 Cal.App.5th 433, 439.) When there is "reason to believe that an Indian child is involved in a proceeding," further inquiry is required. (§ 224.2, subd. (e); *In re T.G.* (2020) 58 Cal.App.5th 275, 290, fn. 14.)

We review the juvenile court's ICWA findings for substantial evidence, and the appellant bears the burden of showing insufficient evidence to support the ICWA finding. (*In re Josiah T.* (2021) 71 Cal.App.5th 388, 401 (*Josiah T.*).)

*The Court and the Department Failed to Comply with ICWA's Requirements*

We agree with mother's contention that neither the juvenile court nor the Department satisfied the inquiry duties set forth in federal regulations adopted under ICWA and section 224.2, subdivision (b), and the court's implicit finding that ICWA did not apply at the section 366.26 hearing was error. First, even though maternal uncle was present at the detention hearing, the court neither asked nor directed the Department to ask maternal uncle whether he had any information about minor's potential

6

Indian ancestry. (See 25 C.F.R. § 23.107(a); § 224.2, subd. (c) ["the court shall ask each participant present in the hearing" if they know or have reason to know the child is an Indian child].)

Second, the Department failed to carry out its initial inquiry obligations under section 224.2, subdivision (b). (*In re Y.W.* (2021) 70 Cal.App.5th 542, 554 (*Y.W.*) [parents' denial of Indian ancestry "did not end the Department's duty of inquiry, especially where relevant contact and identifying information was readily available*"*]; *Elizabeth M., supra*, 19 Cal.App.5th at p. 786 [Department failed to interview family members that might have information relevant to mother's claim of Indian ancestry].) Despite having phone contact with maternal aunt, the Department did not ask her any questions about minor's possible Indian ancestry. The appellate record also lacks any evidence that the Department made any effort to locate or contact maternal grandmother, despite having a likely address for her, as mother reported previously living with maternal grandmother and maternal uncle. (See 25 U.S.C. § 1903(2) ["'extended family member' shall be as defined by the law or custom of the Indian child's tribe or, in the absence of such law or custom, shall be a person who has reached the age of eighteen and who is the Indian child's grandparent, aunt or uncle, brother or sister, brother-in-law or sister-in-law, niece or nephew, first or second cousin, or stepparent"]; § 224.1, subd. (c) [extended family member "shall be defined as provided in Section 1903 of" ICWA].) Because state law expressly requires the Department to ask extended family members, the Department did not satisfy its duty of initial inquiry. (See *Benjamin M., supra*, 70 Cal.App.5th at p. 744 ["CFS nevertheless failed its duty of inquiry by not asking 'extended family members'"]; *Y.W., supra*, 70 Cal.App.5th at pp.

7

552–553 [agency failed to satisfy its initial inquiry duty when it did not make a meaningful effort to locate and interview biological maternal grandparents, where mother had been adopted but agency was made aware of biological grandparents' identities].)

The Department emphasizes that mother denied any Indian ancestry, and had been involved in earlier dependency proceedings, both as a dependent and a parent, during which Indian ancestry was not established. The Department contends these facts alone constitute substantial evidence to support affirmance of the juvenile court's implied finding. We disagree, and find the lack of inquiry here, which includes failures to comply with federal and state law, undermines the reliability of the juvenile court's finding and requires reversal. While conceding that we review ICWA findings for substantial evidence, the Department, in an argument heading and without any elaboration, states that any error based on the Department's failure to question maternal relatives should be deemed harmless. We disagree that reframing our review here to look for prejudice leads to any different result. (See *Y.W., supra*, 70 Cal.App.5th at pp. 553–556.)

## DISPOSITION

The juvenile court's order terminating parental rights under section 366.26 is conditionally reversed. The case is remanded to the juvenile court to ensure compliance with ICWA and related California law by ordering the Department to ask any available extended family members whether they have reason to believe minor is an Indian child. Based on the responses, if no additional inquiry is necessary, the court's original order may be reinstated.

MOOR, J.

I concur:

RUBIN, P. J.

In re L.S.
B314471


RUBIN, P. J., Concurring

     I have signed the majority opinion but write separately to make one observation.  DCFS's repeated non-compliance with the clear mandate of ICWA and related state law has been analyzed in several recent appellate opinions and also in separate opinions in those appeals.  Those appeals are generally decided either on substantial evidence grounds or harmless error principles.  The current opinion uses the substantial evidence formula, and I have joined the majority in that analysis.  Nevertheless, I believe that the more analytically sound basis on which to judge ICWA errors of this sort is to decide whether the agency's failure to comply with clear statutory directives was or was not prejudicial.  In my view the harmless error approach adopted by Division 7 of this court is the correct one.  (See In re Y.W. (2021) 70 Cal.App.5th 542; In re Antonio R. (2022) 76 Cal.App.5th 421; and In re J.C. (2022) 77 Cal.App.5th 70.)


RUBIN, P. J.

In re L.S.
B314471


BAKER, J., Concurring



I agree conditional reversal and a remand to the juvenile court is required because the court did not comply with federal regulations that require the court to ask "each participant" in a child custody proceeding—at the commencement of the proceeding—whether the participant knows or has reason to know the minor in question is an Indian child. (25 C.F.R. § 23.107(a).) L.S.'s maternal uncle was present in court at the initial detention hearing, but the court did not make the required inquiry. If, on remand, the maternal uncle has no information suggesting L.S. may be an Indian child, I believe the juvenile court would be entitled to find the Indian Child Welfare Act does not apply (though the court would also be free to order any further inquiry it deems appropriate). (*In re H.V.* (2022) 75 Cal.App.5th 433, 439-442 (dis. opn. of Baker, J.).)



BAKER, J.