Filed 1/9/24  In re A.J. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re A.J. et al., Persons Coming Under the Juvenile Court Law. | B329814 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>K.A.,<br><br>Defendant and Appellant. | (Los Angeles County Super. Ct. No. 21CCJP01901B-E) |

APPEAL from an order of the Superior Court of Los Angeles County, Linda Sun, Judge.  Affirmed.

Shaylah Padgett-Weibel, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel and Kimberly Roura, Senior Deputy County Counsel, for Plaintiff and Respondent.

Mother appeals from the April 4, 2023 order terminating parental rights to four of her children under Welfare and Institutions Code section 366.26.[1]  Mother's sole contention on appeal is that the juvenile court erroneously failed to ensure compliance with the inquiry requirements of the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.) and related California statutes (Welf. & Inst. Code, § 224 et seq.).  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

This appeal concerns four of mother's children:  twins born in 2009, a son born in 2010, and a daughter born in 2011.[2]  We limit our discussion to the facts relevant to the sufficiency of the ICWA inquiry efforts taken by the Los Angeles County Department of Children and Family Services (the Department).

Mother first denied that the children had any Indian ancestry in an April 2021 interview.  At an April 29, 2021 detention hearing, the court noted mother had filed an ICWA-020 form also denying any Indian ancestry.  Father also denied any Indian ancestry.

According to a June 2021 Department report, mother told the Department she was living with one of her brothers, and she was close with two other siblings in California.  Mother's parents

_____

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise specified.

[2] Other parties to the dependency case, including the children's father, their half-siblings, or the half-siblings' fathers, are not parties to the current appeal.

were deceased.  Mother again denied any Indian ancestry.  Based on a prior dependency case involving mother when she was a minor, the Department had the first names of eleven of mother's siblings.  In September 2022, maternal aunt M.Y. denied any Indian ancestry.

In October 2022, a paternal aunt who was the children's caregiver also denied that father's or mother's family had any Indian ancestry, explaining that mother's family was of Mexican descent.

On October 26, 2022, the court ordered the Department to "follow up on the ICWA inquiry," including identifying "all paternal and maternal relatives and follow up with the inquiry." In November 2022, the Department interviewed mother, father, and paternal aunt, all of whom again denied any Indian ancestry or possibility that any of the children were eligible to be an Indian child.  In December 2022, mother again denied that any family member is a member of a federally recognized tribe or otherwise connected to a federal tribe.  The Department reported, "There are no other paternal or maternal family members that the mother has provided CSW with their information."  Paternal aunt also said she did not have names or phone numbers for other family members.[3]  In February 2023, a social worker reiterated that mother had previously mentioned having a good relationship with her siblings, but failed to provide their contact information.  In March 2023, the Department inquired about possible Indian ancestry with paternal grandmother, a different

---

[3] We grant the Department's Motion for Judicial Notice, and take notice of the attached reports and orders.  (Evid. Code, § 452, subd. (d).)

paternal aunt, and several paternal cousins, all of whom denied any Indian ancestry or connection to a federal Indian tribe.

At the section 366.26 hearing on April 4, 2023, the court made a no ICWA determination, finding that the Department had made diligent efforts to interview father, paternal grandmother, paternal aunts, and mother, all of whom indicated no Indian heritage; the court also ordered parental rights for all four children terminated.

## DISCUSSION

### *ICWA inquiry*

"Congress enacted ICWA in 1978 in response to 'rising concern in the mid-1970's over the consequences to Indian children, Indian families, and Indian tribes of abusive child welfare practices that resulted in the separation of large numbers of Indian children from their families and tribes through adoption or foster care placement, usually in non-Indian homes.' " (*In re Isaiah W.* (2016) 1 Cal.5th 1, 7.) Both ICWA and California law define an " 'Indian child' " as a child who is either a member of an Indian tribe or is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe. (25 U.S.C. § 1903(4); § 224.1, subds. (a) & (b); see *In re Elizabeth M.* (2018) 19 Cal.App.5th 768, 783.)

California statutory law incorporates the requirements of ICWA, and imposes some additional requirements as well. (*In re Abbigail A.* (2016) 1 Cal.5th 83, 91; *In re Benjamin M.* (2021) 70 Cal.App.5th 735, 741–742.) State law imposes on the Department a first-step inquiry duty to "interview, among others,

4

extended family members and others who had an interest in the child." (*In re H.V.* (2022) 75 Cal.App.5th 433, 438; see § 224.2, subd. (b).) Federal regulations explain that the term "[e]xtended family member is defined by the law or custom of the Indian child's Tribe or, in the absence of such law or custom, is a person who has reached age 18 and who is the Indian child's grandparent, aunt or uncle, brother or sister, brother-in-law or sister-in-law, niece or nephew, first or second cousin, or stepparent." (25 C.F.R. § 23.2 (2017).) The duty of initial inquiry includes making a meaningful effort to interview available relatives. (*In re Y.W.* (2021) 70 Cal.App.5th 542, 552–553.) When there is "reason to believe that an Indian child is involved in a proceeding," further inquiry is also required. (§ 224.2, subd. (e); *In re T.G.* (2020) 58 Cal.App.5th 275, 290, fn. 14.) "We review claims of inadequate inquiry into a child's Indian ancestry for substantial evidence." (*In re H.V.*, at p. 438.)

Mother contends the juvenile court erred in finding ICWA inapplicable without evidence that the Department had made a meaningful effort to locate and interview maternal extended relatives about possible Indian ancestry.[4] We disagree.

---

[4] Mother's opening brief anticipates that the Department would argue no duty of initial inquiry under ICWA applied because the children were detained pursuant to a protective custody warrant. (See *In re C.L.* (2023) 96 Cal.App.5th 377, 385, describing split of authority between the holdings of *In re Robert F.* (2023) 90 Cal.App.5th 492, review granted July 26, 2023, S279743, and *In re Delila D.* (2023) 93 Cal.App.5th 953, 970–976, review granted Sept. 27, 2023, S281447.) However, the Department does not make the anticipated argument. Accordingly, we proceed with the understanding that section

Mother and father both denied any Indian ancestry, as did the various paternal and maternal relatives interviewed by the Department. In addition, maternal aunt M.Y. denied any Indian ancestry when she was contacted on September 26, 2022. Other than maternal aunt M.Y, there is no evidence in the record that the Department was in contact with any maternal relatives, or that any person suggested that any of mother's siblings or other relatives had any information about possible Indian ancestry. The Department had the names of mother's siblings, but no contact information. Mother and other relatives did not provide any contact information for mother's siblings when asked. Further investigation to locate these or additional extended relatives was not required. (*In re Levi U.* (2000) 78 Cal.App.4th 191, 199 [child protective agency is not required to conduct an extensive independent investigation or to "cast about" for investigative leads]; see also *In re H.B.* (2023) 92 Cal.App.5th 711, 721 [where "representatives from both sides of two generational levels" of minor's family denied Indian ancestry, but not every extended relative was contacted, ICWA determination supported by substantial evidence].)

224.2, subdivision (b), required the Department to inquire of available extended family members whether the minors were or may be, Indian children.

## DISPOSITION

The juvenile court's April 4, 2023 order terminating parental rights under Welfare and Institutions Code section 366.26 is affirmed.

NOT TO BE PUBLISHED.


MOOR, J.


I concur:


KIM, J.

7

In re A.J. et al.
B329814


BAKER, Acting P. J., Concurring



While I do not join the opinion for the court's characterization of state law related to the Indian Child Welfare Act, I agree substantial evidence supports the juvenile court's determination that adequate inquiry was made into whether the minors in question are Indian children.



BAKER, Acting P. J.