Filed 4/21/21  In re P.E. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re P.E., a Person Coming Under the Juvenile Court Law. | |
| KERN COUNTY DEPARTMENT OF HUMAN SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> S.I. et al., <br><br> Defendants and Appellants. | F082036 <br><br> (Super. Ct. No. JD139612-00) <br><br><br> **OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Kern County.  Marcos R. Camacho, Judge.

Lauren K. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant, S.I.

Beth A. Sears, under appointment by the Court of Appeal, for Defendant and Appellant, D.E.

Margo A. Raison, County Counsel, and Jennifer E. Feige, Deputy County Counsel, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Poochigian, Acting P.J., Meehan, J. and De Santos, J.

S.I. (mother) appeals the juvenile court's order terminating her parental rights as to her minor son, P.E. (Welf. & Inst. Code,[1] § 366.26). Mother contends the juvenile court's finding the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.) did not apply to the proceedings was not supported by substantial evidence because the Kern County Department of Human Services (department) failed to comply with ICWA inquiry and notice provisions. Appointed counsel for D.E. (father) filed a brief pursuant to *In re Phoenix H*. (2009) 47 Cal.4th 835 contending there were no arguable issues. Father submitted his own letter brief joining in mother's arguments. We conditionally reverse the juvenile court's order terminating parental rights and remand for proceedings to ensure ICWA compliance.

**FACTUAL AND PROCEDURAL BACKGROUND**

Because the sole issue on appeal concerns compliance with ICWA, we only briefly discuss the underlying circumstances of the dependency proceedings.

The department filed a petition alleging then two-year-old P.E. came within the juvenile court's jurisdiction under section 300, subdivision (g) (no provision of support) because mother's whereabouts were unknown and then-alleged father was incarcerated. P.E. had been residing with his maternal grandparents, but they were no longer able to care for him.

Neither parent was present at the detention hearing on April 10, 2019. The court ordered P.E. detained from mother.

It was discovered that mother was living in Las Vegas, Nevada. The social worker was unable to make contact with father.

On April 29, 2019, the date scheduled for the jurisdictional hearing, mother was present, and indicated in open court her father had Native American ancestry but she was

---

[1] All further undesignated statutory references are to the Welfare and Institutions Code.

not sure what tribe. County counsel indicated the department would speak with the maternal grandfather. The matter was continued.

The continued jurisdictional hearing took place on May 29, 2019. Mother was not present. The juvenile court found the allegations in the petition true and that P.E. was described by section 300, subdivision (g). The juvenile court inquired whether "we need to worry about ICWA," and county counsel responded the department needed to contact the maternal grandfather regarding potential tribal information, as mother indicated at the previous hearing he would have information regarding his status as an Indian child. The matter was set for disposition.

On June 18, 2019, the date set for the dispositional hearing, the court indicated that it had "some information regarding ICWA." The court stated it had looked into a probate legal guardianship case involving another one of mother's children and discovered in that case the maternal grandfather had testified he was a member of the Cherokee tribe. The juvenile court stated the judge in the probate proceeding had made a finding there was a reason to believe the child was Cherokee. The court instructed the department to conduct an inquiry of the maternal grandfather based on that information. The matter was continued so the department could work on ICWA inquiry and prepare the dispositional report.

At the next court date on July 3, 2019, county counsel stated with regard to ICWA: "The department spoke with the maternal grandfather on several occasions. He indicated that he does not believe the family has any Native American heritage. They contacted the tribes—the Cherokee tribes when the probate was ongoing and that no one is enrolled. No one is a registered member. [¶] We're asking that the court make a finding that [ICWA] does not apply." The court found there was no evidence to establish that P.E. was a member, or eligible for membership, in a tribe and therefore that ICWA did not apply.

On July 29, 2019, the date set for the dispositional hearing, the juvenile court elevated father's status to presumed and appointed him counsel. The court asked, "Is there any issue at this time regarding ICWA in light of information the court has gleaned from the probate file?" County counsel responded the issue had been addressed at the last court hearing and represented that "notwithstanding the fact that the court had located that information in the probate file, the department did have a discussion with the grandfather. He indicated that to his knowledge, no one in the family was enrolled. No one in the family was eligible for enrollment." County counsel added, "That was according to the notes." The matter was continued.

On November 14, 2019, P.E. was adjudged a dependent of the court, ordered removed from mother's physical custody, and the parents were ordered to receive family reunification services.

On June 16, 2020, at the combined six- and 12-month status review hearing, both parents personally appeared by telephone. The juvenile court terminated the parents' reunification services and set a section 366.26 hearing.

At the section 366.26 hearing on October 14, 2020, the juvenile court terminated parental rights and ordered adoption as the permanent plan.

## DISCUSSION

ICWA reflects a congressional determination to protect Indian children and to promote the stability and security of Indian tribes and families by establishing minimum federal standards that a state court, except in emergencies, must follow before removing an Indian child[2] from his or her family. (25 U.S.C. § 1902; see *In re Isaiah W.* (2016) 1 Cal.5th 1, 7–8.) In any "proceeding for the foster care placement of, or termination of

---

[2] For purposes of ICWA, an "Indian child" is an unmarried individual under 18 years of age who is either (1) a member of a federally recognized Indian tribe, or (2) is eligible for membership in a federally recognized tribe and is the biological child of a member of a federally recognized tribe. (25 U.S.C. § 1903(4) & (8); see § 224.1, subd. (a) [adopting federal definitions].)

parental rights to, an Indian child," the Indian custodian and the Indian child's tribe have the right to intervene (25 U.S.C. § 1911(c)), and may petition the court to invalidate any foster care placement of an Indian child made in violation of ICWA (25 U.S.C. § 1914; see § 224, subd. (e)).  The court and county child welfare agency "have an affirmative and continuing duty to inquire whether a child," who is the subject of a juvenile dependency petition, "is or may be an Indian child."  (§ 224.2, subd. (a); see *In re Isaiah W.*, *supra*, 1 Cal.5th at p. 9; Cal. Rules of Court, rule 5.481(a).)

The agency's initial duty of inquiry includes "asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child and where the child, the parents, or Indian custodian is domiciled."  (§ 224.2, subd. (b).)  The juvenile court must ask the participants in a dependency proceeding upon each party's first appearance "whether the participant knows or has reason to know[3] that the child is an Indian child" (§ 224.2, subd. (c)), and "[o]rder the parent … to complete [a] *Parental Notification of Indian Status*" [ICWA-020 form] (Cal. Rules of Court, rule 5.481(a)(2)(C)).

---

**3**      There is "reason to know" a child is an Indian child if "(1) A person having an interest in the child, including the child, an officer of the court, a tribe, an Indian organization, a public or private agency, or a member of the child's extended family informs the court that the child is an Indian child[;] [¶] (2) The residence or domicile of the child, the child's parents, or Indian custodian is on a reservation or in an Alaska Native village[;] [¶] (3) Any participant in the proceeding, officer of the court, Indian tribe, Indian organization, or agency informs the court that it has discovered information indicating that the child is an Indian child[;] [¶] (4) The child who is the subject of the proceeding gives the court reason to know that the child is an Indian child[;] [¶] (5) The court is informed that the child is or has been a ward of a tribal court[;] [¶] [and/or] (6) The court is informed that either parent or the child possess an identification card indicating membership or citizenship in an Indian Tribe."  (§ 224.2, subd. (d); see 25 C.F.R. § 23.107(c) (2021).)

After initial inquiry is conducted, when the court or social worker has a "reason to believe"[4] (but not sufficient evidence to determine there is "reason to know") that an Indian child is involved in a proceeding, section 224.2, subdivision (e) requires "further inquiry regarding the possible Indian status of the child." "Further inquiry" includes: (1) interviewing the parents, Indian custodian, and extended family members to gather available familial and tribal enrollment information; (2) contacting the Bureau of Indian Affairs and State Department of Social Services for assistance with identifying tribes in which the child may be a member of or eligible for membership; and (3) contacting tribes the child may be affiliated with, and anyone else, that might have information regarding the child's membership or eligibility in a tribe. (§§ 224.2, subd. (e)(2); 224.3, subd. (a)(5).)

The agency "has the obligation to make a meaningful effort to locate and interview extended family members to obtain whatever information they may have as to the child's possible Indian status." (*In re K.R.* (2018) 20 Cal.App.5th 701, 709.) While interviewing parents and extended family members, the agency is to gather the following information:

> "(A) The name, birth date, and birthplace of the Indian child, if known[;]

> "(B) The name of the Indian tribe in which the child is a member, or may be eligible for membership, if known[; and]

> "(C) All names known of the Indian child's biological parents, grandparents, and great-grandparents, or Indian custodians, including maiden, married, and former names or aliases, as well as their current and

---

[4] "There is reason to believe a child involved in a proceeding is an Indian child whenever the court, social worker, or probation officer has information suggesting that either the parent of the child or the child is a member or may be eligible for membership in an Indian tribe. Information suggesting membership or eligibility for membership includes, but is not limited to, information that indicates, but does not establish, the existence of one or more of the grounds for reason to know enumerated in paragraphs (1) to (6), inclusive, of subdivision (d)." (§ 224.2, subd. (e)(1).)

former addresses, birth dates, places of birth and death, tribal enrollment information of other direct lineal ancestors of the child, and any other identifying information, if known." (§ 224.3, subd. (a)(5); see § 224.2, subd. (e)(2)(A).)

"Contact with a tribe" for the purpose of the agency's duty of further inquiry "shall include sharing information identified by the tribe as necessary for the tribe to make a membership or eligibility determination, as well as information on the current status of the child and the case." (§ 224.2, subd. (e)(2)(C).)

If, after further inquiry is conducted, "the court, a social worker, or probation officer knows or has reason to know … that an Indian child is involved" in the dependency proceeding, notice shall be sent to the child's parents or legal guardian, Indian custodian, if any, and the child's tribe for any hearing that may culminate in an order for foster care placement, termination of parental rights, preadoptive placement, or adoptive placement so the tribe may exercise its right to intervene. (§ 224.3, subd. (a); see 25 U.S.C. § 1912(a).)

We review the juvenile court's finding that ICWA is inapplicable for substantial evidence. (*In re Rebecca R*. (2006) 143 Cal.App.4th 1426, 1430.) We apply the ICWA statutes that applied at the time of the finding from which the parents appeal. (*In re A.M.* (2020) 47 Cal.App.5th 303, 321.)

Mother's indication she had Native American ancestry gave the department a "reason to believe" P.E. was an Indian child and therefore triggered the department's duty of further inquiry, requiring them to fulfill the requirements set forth in section 224.3, subdivision (a)(5). (*In re T.G.* (2020) 58 Cal.App.5th 275, 292.) However, the department, on this record, did not do so; there is no evidence the department interviewed mother or other family members to gather the required familial information, contacted the Bureau of Indian Affairs for assistance, or contacted or shared any information with the relevant tribes in order for a determination to be made as to the status of P.E.

To the contrary, the department primarily relied on files and notes from a probate guardianship case involving another one of mother's children to determine an inquiry had been made previously and that P.E. was not an Indian child. It appears, based on county counsel's representation, the department also asked the maternal grandfather about his Cherokee ancestry, to which he responded that no one in his family was an "enrolled" or "registered" member in a tribe.

As to any inquiry that occurred in a previous case, there are several reasons this cannot serve as substantial evidence to support the juvenile court's finding. First, as mother points out, "a previous determination that [a] minor's sibling[] w[as] not [an] Indian child[] under [ICWA] is not dispositive of the minor's Indian status because '[a] determination of tribal membership is made on an individual basis.' " (*In re Jonathan D.* (2001) 92 Cal.App.4th 105, 111.) Second, the record simply does not have enough information to determine whether adequate further inquiry was conducted. The record contains no information as to what tribes were contacted and what information was provided to them for the tribes to make a determination of the child's status. Finally, it is unclear from the record as to when the previous inquiry was made. Even if a determination for another child was adequate and the record contained the pertinent information to determine whether the inquiry requirements were met, if the inquiry was too remote in time, the department may have had a duty to determine whether any new information was available which could affect whether P.E. was an Indian child, as the department's duty to inquire is a continuing one. The previous inquiry and/or determination in the unrelated probate guardianship case involving another child, on this record, was insufficient to support the juvenile court's finding ICWA did not apply.

The representation from the maternal grandfather that no member of his family was an "enrolled" or "registered" member of a tribe does not excuse the department from its duty of further inquiry. The maternal grandfather's assertion is not dispositive of P.E.'s status as an Indian child. "The decision whether a child is a member of, or eligible

8.

for membership in, the tribe is the sole province of the tribe." (*In re Jack C.* (2011) 192 Cal.App.4th 967, 980, declined to follow on other grounds by *In re Abbigail A.* (2016) 1 Cal.5th 83, 96 fn. 3; see § 224.2, subd. (e)(2)(C).) Moreover, "[i]nformation that the child is not enrolled, or is not eligible for enrollment in, the tribe is not determinative of the child's membership status unless the tribe also confirms in writing that enrollment is a prerequisite for membership under tribal law or custom." (§ 224.2, subd. (h).) The maternal grandfather's comments do not substitute for a determination from a tribe as to whether P.E. was an Indian child as defined by ICWA and thus was not substantial evidence on which the court could base its finding ICWA did not apply.

Further, there is no evidence father or any paternal relatives were asked about Native American ancestry on their side of the family, and it does not appear father at any point filled out an ICWA-020 form. Neither the department nor the court fulfilled its duty of initial inquiry as to father.

The department's focus in their briefing on there being no "reason to know" P.E. was an Indian child is misplaced. While "reason to know" triggers formal notice requirements, and we acknowledge that on the record there is no evidence to support a "reason to know" P.E. is an Indian child, this does not in any event excuse the department of its duty to conduct further inquiry triggered by the "reason to believe" established on the record here.

Because the department's further inquiry into mother's claim of Native American ancestry was inadequate, and because no ICWA inquiry was made of father, the juvenile court's finding ICWA did not apply was not supported by substantial evidence. Limited remand is necessary in order for the department to comply with sections 224.2 and 224.3.

## DISPOSITION

The juvenile court's October 14, 2020 order terminating mother's and father's parental rights is conditionally reversed. The matter is remanded to the juvenile court for the department to conduct adequate inquiry required by sections 224.2 and 224.3, and for

9.

any further proceedings resulting therefrom. If, after the court finds adequate inquiry has been made, the court finds ICWA applies, the court shall vacate its existing order and proceed in compliance with ICWA and related California law. If the court finds ICWA does not apply, the section 366.26 order shall remain in effect.