Filed 10/20/22  In re W.R. CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re W.R., et al., Persons Coming Under the Juvenile Court Law. | B314199 (Los Angeles County Super. Ct. No. 18CCJP04526A-C) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>G.R.,<br><br>Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lisa A. Brackelmanns, Commissioner.  Affirmed.

Elizabeth Klippi, under appointment of the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, Acting County Counsel, Kim Nemoy, Assistant County Counsel, and Brian Mahler, Deputy County Counsel, for Plaintiff and Respondent.

## INTRODUCTION

Mother (G.R.) appeals from the juvenile court's orders denying her Welfare and Institutions Code section 388[1] request and placing her children in a legal guardianship under section 366.26. On appeal, mother contends that the Los Angeles County Department of Children and Family Services (DCFS) failed to comply with the inquiry requirements under the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.) and related California statutes (§ 224 et seq.). We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

Mother and W.R., Sr. (father) have three children: W.R. (born Dec. 2008), V.R. (born July 2011), and L.R. (born Apr. 2013). The family was living with maternal aunt and grandmother when dependency proceedings were initiated by DCFS.

On July 20, 2018, DCFS filed a dependency petition on behalf of the children, and on September 17, 2018, the petition was sustained as amended by interlineation. Appended to the dependency petition was the Indian child inquiry attachment (ICWA-010 form), which reflected that when questioned by DCFS on July 5, 2018, mother indicated that the children had no known Indian ancestry. In the detention report, DCFS noted that both mother and father stated on July 5, 2018, that the children did not have any Indian ancestry.

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise stated.

[2] Our summary of the facts is limited to those needed for resolution of the ICWA issues raised on appeal and to provide relevant context.

On July 23, 2018, mother and father filed a parental notification of Indian status (ICWA-020 form), each reporting "no Indian ancestry as far as I know."

At the detention hearing, the juvenile court acknowledged receipt of the ICWA-020 forms and found it had "no reason to believe" that any of the children "may be an Indian child" as defined under ICWA. However, the court directed the parents to keep DCFS, their attorneys, and the court "aware of any new information relating to possible ICWA status." At the time of the hearing, the children were placed with paternal grandmother.

Mother reported she was raised by both her parents, who also raised her sister (maternal aunt) in the same home. Father reported he was raised by his mother (paternal grandmother) and stepfather (paternal step-grandfather). Although his parents were separated when he was four years old, father remained in contact with his biological father (paternal grandfather).

On October 20, 2020, the juvenile court terminated reunification services and set a permanency planning hearing. On June 10, 2021, mother filed a section 388 petition, in which she requested the court change its prior order terminating her family reunification services and make an order returning the children to her custody or reinstating family reunification services. On July 23, 2021, the juvenile court denied mother's request.

At the permanency planning hearing, the juvenile court ordered a legal guardianship for the children and appointed paternal grandmother and step-grandfather as guardians.

Mother timely filed a notice of appeal.

3

**DISCUSSION**

A. *Applicable Law and Standard of Review*

ICWA[3] reflects "a congressional determination to protect Indian children and to promote the stability and security of Indian tribes and families by establishing minimum federal standards that a state court . . . must follow before removing an Indian child from his or her family." (*In re Austin J.* (2020) 47 Cal.App.5th 870, 881 (*Austin J.*).) Both ICWA and the Welfare and Institutions Code define an "Indian child" as "any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." (25 U.S.C. § 1903(4); § 224.1, subds. (a) and (b) [incorporating federal definitions].)

The juvenile court and DCFS have "an affirmative and continuing duty to inquire whether a child for whom a petition under Section 300 . . . may be or has been filed, is or may be an Indian child." (§ 224.2, subd. (a); see *In re Isaiah W.* (2016) 1 Cal.5th 1, 9, 11–12.) This continuing duty can be divided into three phases: the initial duty to inquire, the duty of further inquiry, and the duty to provide formal ICWA notice. The phase at issue here is the initial duty to inquire.

The duty to inquire whether a child is an Indian child begins with "the initial contact," i.e., when the referring party reports child abuse or neglect that jumpstarts DCFS investigation. (§ 224.2, subd. (a).) DCFS's initial duty to inquire includes asking the child, parents, legal guardian, extended family members, and others who have an interest in the child whether the child is,

---

[3] Our state Legislature incorporated ICWA's requirements into California statutory law in 2006. (*In re Abbigail A.* (2016) 1 Cal.5th 83, 91.)

4

or may be, an Indian child.  (*Id*. subd. (b).)  Similarly, the juvenile court must inquire at each parent's first appearance whether he or she "knows or has reason to know that the child is an Indian child."  (*Id*. subd. (c).)  The juvenile court must also require each parent to complete Judicial Council form ICWA-020, Parental Notification of Indian Status.  (Cal. Rules of Court, rule 5.481(a)(2)(C).)  The parties are instructed to inform the court "if they subsequently receive information that provides reason to know the child is an Indian child."  (25 C.F.R. § 23.107(a); § 224.2, subd. (c).)

A duty of further inquiry is imposed when DCFS or the juvenile court has "reason to believe that an Indian child is involved" in the proceedings.  (§ 224.2, subd. (e); *Austin J., supra*, 47 Cal.App.5th at pp. 883–884, and *In re D.S.* (2020) 46 Cal.App.5th 1041, 1048–1049 (*D.S.*).)  When DCFS or the juvenile court has "reason to know" an Indian child is involved, formal ICWA notice is sent to the relevant tribes.  (*D.S., supra,* 46 Cal.App.5th at p. 1052.)

We review a juvenile court's ICWA findings for substantial evidence. (*In re Josiah T.* (2021) 71 Cal.App.5th 388, 401; *In re S.R.* (2021) 64 Cal.App.5th 303, 312.)

B. *Analysis*

Mother contends DCFS failed to fulfill its duty of initial inquiry under section 224.2, subdivision (b),[4] because it did not ask extended family

---

[4]     Under section 224.2, subdivision (b), "[i]nquiry includes, but is not limited to, asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child and where the child, the parents, or Indian custodian is domiciled."

5

members whether the children may have Indian heritage. DCFS concedes error, but contends the error was harmless. We agree.

"At this point in time, the California courts have staked out three different rules for assessing whether a defective initial inquiry is harmless." (*In re Dezi C.* (2022) 79 Cal.App.5th 769, 777 (*Dezi C.*), review granted Sept. 21, 2022, S275578.) Contrary to mother's contention, we believe a fourth rule recently adopted by our colleagues in *Dezi C.* is the better approach. In *Dezi C.,* the court stated that "an agency's failure to conduct a proper initial inquiry into a dependent child's American Indian heritage is harmless unless the record contains information suggesting a reason to believe that the child may be an 'Indian child' within the meaning of ICWA, such that the absence of further inquiry was prejudicial to the juvenile court's ICWA finding." (*Id.* at p. 779.)

Here, the record does not provide a "reason to believe" that the children have Indian ancestry. Rather, father and mother repeatedly denied any Indian ancestry to DCFS (orally and on the ICWA-020 form). Moreover, nothing in the record suggests any reason to believe that the parents' knowledge of their heritage is incorrect or that the children might have Indian ancestry. Mother has offered no such reason on appeal. Therefore, we conclude that DCFS's error in this case was harmless.

//
//
//
//
//
//
//

6

**DISPOSITION**

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, Acting P. J.

We concur:


COLLINS, J.


CURREY, J.