Filed 6/22/23  In re H.R. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re H.R., a Person Coming Under the Juvenile Court Law. | B325373 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>I.A.,<br><br>        Defendant and Appellant. | (Los Angeles County Super. Ct. No. 21CCJP01513A) |

APPEAL from an order of the Superior Court of Los Angeles County, Hernan D. Vera, Judge.  Conditionally reversed with directions.

William Hook, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, and Avedis Koutoujian, Deputy County Counsel, for Plaintiff and Respondent.

_____

Mother[1] appeals from the September 16, 2022 order terminating parental rights to her son (minor) under Welfare and Institutions Code section 366.26.[2]  Mother's sole contention on appeal is that the juvenile court erroneously failed to ensure compliance with the inquiry and notice requirements of the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.) and related California statutes (Welf. & Inst. Code, § 224 et seq.).  We conditionally reverse and remand the matter solely for the court to ensure compliance with ICWA and related California statutes.

## FACTUAL AND PROCEDURAL BACKGROUND

The Los Angeles County Department of Children and Family Services (Department) began investigating the family on March 30, 2021 after law enforcement found minor (then only 10 months old) with two unrelated individuals in a hotel room with narcotics in it.  Mother and a paternal aunt spoke to a social worker, and both denied any Indian ancestry.  The Department filed a petition alleging the child was at risk of harm based on

_____

[1] Father is not a party to the current appeal.  Mother also has another child, who is under a 2018 guardianship order.  That child is not a party to this appeal.

[2] All further statutory references are to the Welfare and Institutions Code unless otherwise specified.

mother and father's substance abuse and their inability to make a plan for the child's care and supervision. The child was placed with maternal grandmother after a short stay in foster care. Counsel for mother and counsel for father each filed an ICWA-20 form indicating the form was "on behalf of" the client and denying any Indian ancestry; although neither mother's form nor father's form is signed by the parent, mother concedes on appeal that she and father filed the forms denying Indian ancestry. The juvenile court found that ICWA did not apply.

Despite evidence that minor was placed with maternal grandmother, and Department employees were in contact with maternal grandmother, paternal grandmother, a paternal aunt, and a maternal aunt, and had information about a paternal uncle, there is no indication that any of minor's extended relatives (with the exception of paternal aunt) were ever asked about the possibility that minor had any Indian ancestry.

The court terminated the parents' reunification services at the six-month review hearing and scheduled a permanency planning hearing. At the permanency planning hearing under section 366.26, the court ordered parental rights terminated. Mother appealed.

## DISCUSSION

"Congress enacted ICWA in 1978 in response to 'rising concern in the mid-1970's over the consequences to Indian children, Indian families, and Indian tribes of abusive child welfare practices that resulted in the separation of large numbers of Indian children from their families and tribes through adoption or foster care placement, usually in non-Indian homes.'"

(*In re Isaiah W.* (2016) 1 Cal.5th 1, 7.) Both ICWA and California law define an " 'Indian child' " as a child who is either a member of an Indian tribe or is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe. (25 U.S.C. § 1903(4); § 224.1, subds. (a) & (b); see *In re Elizabeth M.* (2018) 19 Cal.App.5th 768, 783.)

California statutory law incorporates the requirements of ICWA, and imposes some additional requirements as well. (*In re Abbigail A.* (2016) 1 Cal.5th 83, 91; *In re Benjamin M.* (2021) 70 Cal.App.5th 735, 741–742.) State and federal law require the court to ask parties and participants at the outset of an involuntary child custody proceeding whether they have reason to know a minor is an Indian child, and to "instruct the parties to inform the court if they subsequently receive information that provides reason to know the child is an Indian child." (25 C.F.R. § 23.107(a); § 224.2, subd. (c); see *Benjamin M.*, at p. 741.) Initial inquiry also includes requiring each party to complete the parental notification of Indian status (ICWA-020) form. (Cal. Rules of Court, rule 5.481(a)(2)(C).)

State law imposes on the Department a first-step inquiry duty to "interview, among others, extended family members and others who had an interest in the child." (*In re H.V.* (2022) 75 Cal.App.5th 433, 438; see § 224.2, subd. (b).) Federal regulations explain that the term "extended family member is defined by the law or custom of the Indian child's Tribe or, in the absence of such law or custom, is a person who has reached age 18 and who is the Indian child's grandparent, aunt or uncle, brother or sister, brother-in-law or sister-in-law, niece or nephew, first or second cousin, or stepparent." (25 C.F.R. § 23.2 (2017).) When there is "reason to believe that an Indian child is involved

in a proceeding," further inquiry is also required. (§ 224.2, subd. (e); *In re T.G.* (2020) 58 Cal.App.5th 275, 290, fn. 14.) "We review claims of inadequate inquiry into a child's Indian ancestry for substantial evidence." (*In re H.V.*, at p. 438.)

The Department concedes on appeal that the initial inquiry requirements of ICWA and related state law were not met in this case. The Department asks us to either conditionally affirm or reverse the juvenile court's order terminating parental rights, with instructions limiting remand of the matter to ordering the juvenile court to ensure compliance with ICWA's requirements.

We agree that the court erred in finding ICWA inapplicable, as the court did not ask either parent whether they had any Indian ancestry, and proceeded in the absence of any evidence that the Department asked available extended family members about the possibility that minor has Indian ancestry. (See, e.g., *In re H.V.*, *supra*, 75 Cal.App.5th at p. 438 [prejudicial error when Department fails to discharge its first step duty of inquiry]; *In re Benjamin M.*, *supra*, 70 Cal.App.5th at p. 741 [court must ask each participant in child custody proceeding].)

## DISPOSITION

The juvenile court's September 16, 2022 order terminating parental rights under Welfare and Institutions Code section 366.26 is conditionally reversed and remanded for proceedings required by this opinion. To the extent mother or father is available, the court shall ask about possible Indian ancestry, and ensure mother and father sign and file the ICWA-020 form. The court shall also order the Department to make reasonable efforts to interview available extended relatives, including maternal grandmother, paternal grandmother, maternal aunt, paternal aunt, and paternal uncle about the possibility of the minor's Indian ancestry and to report on the results of the Department's investigation. Nothing in this disposition precludes the court from ordering additional inquiry of others having an interest in the children. Based on the information reported, if the court determines that no additional inquiry or notice to tribes is necessary, the order terminating parental rights is to be reinstated. If additional inquiry or notice is warranted, the court shall make all necessary orders to ensure compliance with ICWA and related California law.

NOT TO BE PUBLISHED.

MOOR, J.

I concur:

RUBIN, P. J.

In re H.R.
B325373


BAKER, J., Concurring


I agree that a conditional reversal of the parental rights termination order is required because the juvenile court did not comply with federal and state law that, together, require a juvenile court to ask participants in a child custody proceeding, at the commencement of the proceeding and on the record, whether the participant knows or has reason to know the minor in question is an Indian child. (25 C.F.R. § 23.107(a); Welf. & Inst. Code, § 224.2, subd. (c).) I do not agree, however, with the majority's broadly worded remand instructions to interview available extended relatives. I would instead remand with directions that *require* the court to make an on the record inquiry of only the parents (assuming they appear in response to a hearing notice). The juvenile court would, however, still be free to make or order any additional inquiry it deems appropriate.


BAKER, J.