Filed 1/9/24  In re A.M. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re A.M., a Person Coming Under the Juvenile Court Law. | B329684 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>M.L.,<br><br>        Defendant and Appellant. | (Los Angeles County Super. Ct. No. 21CCJP04292A) |

APPEAL from an order of the Superior Court of Los Angeles County, Lucia J. Murillo, Temporary Judge. Conditionally reversed with directions.

Carolyn S. Hurley, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, Acting County Counsel, and Jane Kwon, Principal Deputy County Counsel, for Plaintiff and Respondent.

Mother appeals from the May 23, 2023 order terminating parental rights under Welfare and Institutions Code section 366.26[1] as to A.M. (minor). Mother contends the juvenile court erroneously failed to ensure compliance with the inquiry requirements of the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.) and related California statutes (Welf. & Inst. Code, § 224 et seq.).

We conditionally reverse and remand the matter solely for the court to ensure compliance with ICWA and related California statutes.

## FACTUAL AND PROCEDURAL BACKGROUND

In November 2021, the juvenile court declared minor a dependent under section 300, subdivisions (a) and (b), based on risks posed by domestic violence between mother and F.M. (father), and father's substance abuse.[2] The court removed minor from parental custody and ordered reunification services.

During the dependency proceedings mother and father both indicated they had no Indian ancestry. The court found ICWA did not apply. The Los Angeles County Department of Children and Family Services (Department) was in regular contact with three maternal relatives—maternal grandmother, step-grandfather, and aunt—who were caring for minor during the course of the dependency proceedings, but never asked any of

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise specified.

[2] Father is not a party to this appeal.

2

them if they had any information about possible Indian ancestry. The Department also did not inquire about Indian ancestry despite some contact with paternal grandmother and possibly a different maternal aunt.

After reunification efforts failed, the juvenile court terminated reunification services on May 31, 2022, and scheduled a permanency planning hearing under section 366.26. At the section 366.26 hearing on May 23, 2023, the court terminated parental rights as to minor. Mother appealed.

## DISCUSSION

"Congress enacted ICWA in 1978 in response to 'rising concern in the mid-1970's over the consequences to Indian children, Indian families, and Indian tribes of abusive child welfare practices that resulted in the separation of large numbers of Indian children from their families and tribes through adoption or foster care placement, usually in non-Indian homes.' " (*In re Isaiah W.* (2016) 1 Cal.5th 1, 7.) Both ICWA and California law define an " 'Indian child' " as a child who is either a member of an Indian tribe or is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe. (25 U.S.C. § 1903(4); § 224.1, subds. (a) & (b); see *In re Elizabeth M.* (2018) 19 Cal.App.5th 768, 783.)

California statutory law incorporates the requirements of ICWA, and imposes some additional requirements as well. (*In re Abbigail A.* (2016) 1 Cal.5th 83, 91; *In re Benjamin M.* (2021) 70 Cal.App.5th 735, 741–742.) State and federal law require the court to ask parties and participants at the outset of an involuntary child custody proceeding whether they have reason to

know a minor is an Indian child, and to "instruct the parties to inform the court if they subsequently receive information that provides reason to know the child is an Indian child." (25 C.F.R. § 23.107(a); § 224.2, subd. (c); see *Benjamin M.*, at p. 741.) Initial inquiry also includes requiring each party to complete the parental notification of Indian status (ICWA-020) form. (Cal. Rules of Court, rule 5.481(a)(2)(C).)

State law imposes on the Department a first-step inquiry duty to "interview, among others, extended family members and others who had an interest in the child." (*In re H.V.* (2022) 75 Cal.App.5th 433, 438; see § 224.2, subd. (b).) Federal regulations explain that the term "[e]xtended family member is defined by the law or custom of the Indian child's Tribe or, in the absence of such law or custom, is a person who has reached age 18 and who is the Indian child's grandparent, aunt or uncle, brother or sister, brother-in-law or sister-in-law, niece or nephew, first or second cousin, or stepparent." (25 C.F.R. § 23.2 (2017).) When there is "reason to believe that an Indian child is involved in a proceeding," further inquiry is also required. (§ 224.2, subd. (e); *In re T.G.* (2020) 58 Cal.App.5th 275, 290, fn. 14.) "We review claims of inadequate inquiry into a child's Indian ancestry for substantial evidence." (*In re H.V.*, at p. 438.)

The Department concedes on appeal that the initial inquiry requirements of ICWA and related state law were not met in this case, and it asks us to either conditionally affirm or reverse the juvenile court's order terminating parental rights, with instructions limiting remand of the matter to ordering the juvenile court to ensure compliance with ICWA's requirements.

We agree that the court erred in finding ICWA inapplicable, as the court proceeded in the absence of any

4

evidence that the Department asked available extended family members—specifically maternal grandparents, paternal grandmother, and maternal aunt—about the possibility that minor has Indian ancestry.  (See, e.g., *In re H.V.*, *supra*, 75 Cal.App.5th at p. 438 [prejudicial error when Department fails to discharge its first step duty of inquiry]; *In re Benjamin M.*, *supra*, 70 Cal.App.5th at p. 741 [court must ask each participant in child custody proceeding].)

## DISPOSITION

The juvenile court's May 23, 2023 order terminating parental rights under Welfare and Institutions Code section 366.26 is conditionally reversed and remanded for proceedings required by this opinion.  The court shall order the Department to make reasonable efforts to interview available extended relatives, including maternal grandparents, paternal grandmother, and maternal aunt, about the possibility of minor's Indian ancestry and to report on the results of the Department's investigation.  Nothing in this disposition precludes the court from ordering additional inquiry of others having an interest in minor.  Based on the information reported, if the court determines that no additional inquiry or notice to tribes is necessary, the order terminating parental rights is to be reinstated.  If additional inquiry or notice is warranted, the court

shall make all necessary orders to ensure compliance with ICWA and related California law.

NOT TO BE PUBLISHED.


MOOR, J.


We concur:


RUBIN, P. J.


KIM, J.