Filed 1/14/25  In re A.G. CA2/4
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re A.G., a Person Coming Under the Juvenile Court Law. | B331398 (Los Angeles County Super. Ct. No. 22CCJP02589) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. J.G., Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Philip L. Soto, Judge.  Conditionally reversed and remanded with directions.

Patricia K. Saucier, by appointment of the Court of Appeal, for Defendant and Appellant.

Amir Pichvai for Plaintiff and Respondent.

## INTRODUCTION

J.G. (mother) appeals from the juvenile court's order terminating parental rights (Welf. & Inst. Code, § 366.26)[1] over her child, A.G.  Her sole contention on appeal is that the Los Angeles County Department of Children and Family Services (DCFS) failed to comply with the "initial duty to inquire" under the Indian Child Welfare Act (25 U.S.C. § 1901 et seq.) (ICWA) and related California statutes (§ 224 et seq.).  We previously affirmed the order.  Subsequently, our Supreme Court granted mother's petition for review and ultimately transferred the case back to us with directions to vacate our prior decision and reconsider the cause in light of *In re Dezi C.* (2024) 16 Cal.5th 1112 (*Dezi C.*).  After reconsideration, we conditionally reverse the juvenile court's order and remand for further compliance with ICWA.

## FACTUAL AND PROCEDURAL BACKGROUND

Our summary of the facts is limited to those needed for resolution of the ICWA issue raised on appeal and to provide relevant context.

On July 6, 2022, DCFS filed a dependency petition on behalf of A.G. (born in July 2022), which was sustained on August 10, 2022.  Attached to the petition was the ICWA-010 form, stating that on July 3, 2022, mother and maternal aunt Ingrid G. (Ingrid) gave the social worker no reason to believe A.G. was an Indian child.  Ingrid later told the social worker that she lived in Nevada with maternal grandmother and maternal uncle Morris G. (Morris).  Mother reported she had a "good" relationship with maternal grandparents and that she spoke to them on a weekly basis.

---

[1]    All further statutory references are to the Welfare and Institutions Code unless otherwise stated.

On July 6, 2022, mother filed an ICWA-020 form, stating she had no Indian ancestry as far as she knew.

At the detention hearing on July 7, 2022, the juvenile court acknowledged receipt of mother's ICWA-020 form. The court found there was no reason to know A.G. was an Indian child but ordered mother to keep DCFS, her attorney, and the court aware of any new information relating to ICWA status.

On July 21, 2022, and January 13, 2023, mother continued to deny having Indian ancestry. On July 22, 2022, and again on January 10, 2023, Ingrid also denied having Indian ancestry.

At the six-month review hearing on April 24, 2023, the court ordered DCFS to conduct an inquiry with A.G.'s relatives about any Indian ancestry. The court also ordered DCFS to give notice to the tribes, Department of the Interior, and the Bureau of Indian Affairs, if necessary.

On July 25, 2023, maternal aunt Mirna S. denied having Indian ancestry. That same day, Morris stated he thought the family might have Indian ancestry but that Ingrid would know. When the social worker spoke with Ingrid, she again denied Indian ancestry and reported she did some research that led to the same conclusion. On August 1, 2023, maternal cousin Osmar also denied Indian ancestry.

On August 21, 2023, the court found an adequate ICWA inquiry had been conducted and that ICWA did not apply. The court confirmed with mother at the hearing that she had no reason to believe she had Indian ancestry. The court terminated parental rights.

3

## DISCUSSION

I. *Applicable Law*

ICWA[2] reflects "a congressional determination to protect Indian children and to promote the stability and security of Indian tribes and families by establishing minimum federal standards that a state court . . . must follow before removing an Indian child from his or her family." (*In re Austin* J. (2020) 47 Cal.App.5th 870, 881 (*Austin J.*), disapproved of on a different ground in *Dezi C., supra,* 16 Cal.5th at p. 1152, fn. 18.) Both ICWA and the Welfare and Institutions Code define an "Indian child" as "any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." (25 U.S.C. § 1903(4); § 224.1, subds. (a) and (b) [incorporating federal definitions].)

The juvenile court and DCFS have "an affirmative and continuing duty to inquire whether a child for whom a petition under Section 300 . . . may be or has been filed, is or may be an Indian child." (§ 224.2, subd. (a); see *In re Isaiah W.* (2016) 1 Cal.5th 1, 9, 11–12.) This continuing duty can be divided into three phases: the initial duty to inquire, the duty of further inquiry, and the duty to provide formal ICWA notice. The phase at issue here is the initial duty to inquire.

The duty to inquire whether a child is an Indian child begins with "the initial contact," i.e., when the referring party reports child abuse or neglect that triggers DCFS's investigation. (§ 224.2, subd. (a).) DCFS's initial duty to inquire includes asking the child, parents, legal guardian, extended family members, and others who have an interest in the child whether the child is,

---

[2] Our state Legislature incorporated ICWA's requirements into California statutory law in 2006. (*In re Abbigail A.* (2016) 1 Cal.5th 83, 91.)

4

or may be, an Indian child. (*Id*., subd. (b).) Similarly, the juvenile court must inquire at each parent's first appearance whether he or she "knows or has reason to know that the child is an Indian child." (*Id.,* subd. (c).) The juvenile court must also require each parent to complete the parental notification of Indian status form (ICWA-020). (Cal. Rules of Court, rule 5.481(a)(2)(C).) The parties are instructed to inform the court "if they subsequently receive information that provides reason to know the child is an Indian child." (25 C.F.R. § 23.107(a); § 224.2, subd. (c).)

A duty of further inquiry is imposed when DCFS or the juvenile court has "reason to believe that an Indian child is involved" in the proceedings. (§ 224.2, subd. (e); see *Austin J., supra,* 47 Cal.App.5th at pp. 883–884; *In re D.S.* (2020) 46 Cal.App.5th 1041, 1048–1049 (*D.S.*).) When DCFS or the juvenile court has "reason to know" an Indian child is involved, formal ICWA notice is sent to the relevant tribes. (*D.S., supra,* at p. 1052.)

We review the juvenile court's ICWA findings for substantial evidence. (*In re Josiah T.* (2021) 71 Cal.App.5th 388, 401; *In re S.R.* (2021) 64 Cal.App.5th 303, 312.) Not every error by DCFS in discharging its duties under section 224.2 will undermine the court's ICWA finding, but the court's ability to exercise discretion in this regard is dependent on adequate record development by the agency. ""On a well-developed record, the court has relatively broad discretion to determine whether the agency's inquiry was proper, adequate, and duly diligent on the specific facts of the case. However, the less developed the record, the more limited that discretion necessarily becomes."' [Citations.]" (*Dezi C., supra*, at p. 1141.)

## II.    *Initial Inquiry*

Mother contends DCFS failed to fulfill its duty of initial inquiry by not inquiring of maternal grandparents.

As noted, section 224.2, subdivision (b) imposes on DCFS a duty of initial inquiry, which includes asking "extended family members" whether the child may be an Indian child.  "Extended family members" are defined as the "child's grandparent, aunt or uncle, brother or sister, brother-in-law or sister-in-law, niece or nephew, first or second cousin, or stepparent."  (See 25 U.S.C. § 1903(2) and § 224.1, subd. (c).)  Mother reported to DCFS that she had a "good relationship" with maternal grandparents (who were separated), and that she spoke with them weekly.  In addition, maternal grandmother lived with Ingrid, who had numerous contacts with DCFS.  However, DCFS did not make any attempt to obtain either maternal grandparent's contact information from mother or Ingrid.  Furthermore, it appears DCFS had the address and telephone number for maternal grandmother's home, as she lived with Ingrid, and could have contacted her directly.  On this record, DCFS did not conduct a proper inquiry.  Thus, we are compelled to conditionally reverse the order of the juvenile court and remand the case for further proceedings.  (*Dezi C., supra*, 16 Cal.5th at p. 1141.)  We expect DCFS will be diligent in making sure there has been full compliance with ICWA.  (See *H.A. v. Superior Court* (2024) 101 Cal.App.5th 956, 965–966.)

//

//

//

//

//

6

## DISPOSITION

Our prior decision is vacated. The juvenile court's order terminating parental rights (§ 366.26) is conditionally reversed and the matter is remanded for the limited purpose of complying with ICWA and related California law. The juvenile court is directed to order DCFS to make reasonable efforts to inquire of A.G.'s maternal grandparents and to submit to the juvenile court a report of its interviews or efforts to conduct the interviews. If, based on the initial inquiry, there is reason to believe an Indian child may be involved but not yet sufficient information to determine if notice must be provided to a tribe or tribes, DCFS is to conduct further inquiry pursuant to section 224.2, subdivision (e). At a noticed hearing, with counsel for mother reappointed, the juvenile court shall determine whether adequate inquiry and any necessary notice has been made and make findings as required by ICWA. If the court finds ICWA is not applicable, it shall reinstate the order terminating parental rights. If notice is required and any tribe indicates the child is an Indian child, the juvenile court is ordered to conduct a new section 366.26 hearing and proceed in accordance with ICWA.

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

ZUKIN, J.

WE CONCUR:

CURREY, P. J.

MORI, J.

7